UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEPHEN GOLASH AND
SUSAN GOLASH,
    Plaintiffs,

VS.

HOUSEHOLD FINANCE CORPORATION II,
PATRICIA A. DAVIS, RICHARD J. VOLPE,
And SHECHTMAN HALPERIN SAVAGE, LLP
    Defendants.

04-12414 GAO

HAMPSHIRE COUNTY
SUPERIOR COURT
C.A. NO: HSCV2004-00232

USDC C.A. NO.
RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY CLK_____
DATE_____

MAGISTRATE JUDGE_____

## NOTICE OF REMOVAL

Defendants, Patricia A. Davis, Richard J. Volpe, and Shechtman Halperin Savage, LLP.

hereby submit as follows:

1.    Pursuant to 28 U.S.C. § 1441, 1331, and 1446, the Defendants Patricia A. Davis, Richard J. Volpe, and Shechtman Halperin Savage, LLP (collectively "Defendants") hereby remove to this Court the above-captioned state court civil action which is pending in the Superior Court Department, Hampshire County, Commonwealth of Massachusetts, civil action number HSCV2004-00232.

2.    On or about October 5, 2004, the plaintiffs Stephen Golash and Susan Golash (collectively "Plaintiffs") filed Civil Action No. HSCV 2004-00232 in Hampshire County Superior Court, against the above listed Defendants. Defendants Patricia A. Davis, Richard J. Volpe, and Shechtman Halperin Savage, LLP were allegedly served on or about October 13, 2004.

3. In accordance with 28 U.S.C. § 1446(a) and Local Rule 81.1 Defendants have attached hereto true and accurate copies of the Summonses and Complaint served on the Defendants and will, within thirty days of filing this Notice of Removal, caused to be filed with this Court, certified copies of all records and proceedings and docket entries that were originally filed in the state court, if any.

4. Defendants have filed no pleadings or papers in the state court action in response to the Complaint.

5. This Notice of Removal is being timely filed, within thirty days of the Defendants' receipt of service of the Complaint, in accordance with 28 U.S.C. § 1446(b).

6. This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1441 and §1331 because it is an action arising under the laws of the United States. This action may be removed to this Court pursuant to these provisions because the Plaintiffs' allege Defendants' actions violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., thereby raising a question of federal law.

7. Venue in this Court is proper under 28 U.S.C. §1391(a) because a substantial part of the alleged events giving rise to the Plaintiff's claims allegedly occurred in this District and the parties reside in and/or have a place of business in Massachusetts.

8. Pursuant to 28 U.S.C. § 1446(d), the Defendant will provide written notice of this petition to all adverse parties.

9. Pursuant to 28 U.S.C. § 1446(d), the Defendant will file a copy of this petition with the Clerk of the Hampshire County Superior Court.

Respectfully submitted,
Defendants,
Patricia A. Davis, Richard J. Volpe, and
Shechtman Halperin Savage, LLP.

By their attorneys,

Joseph S. Berman   BBO No. 566006
Berman & Dowell
210 Commercial Street, 5th Floor
Boston, MA 02109
617-723-9911

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that she caused a true and accurate copy of the within Notice of Removal (with attachments) was served via overnight delivery, postage prepaid, upon Patricia A. Szumowski, Graham & Albano, P.C., 100 Russell St., P.O. Box 377, Hadley, MA 01035 and Preston Halperin, Esq., Shechtman, Halperin, & Savage, 86 Weybosset Street, Providence, RI 29030n this the _11_ day of November 2004.

Joseph S. Berman

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Stephen Golash, et al vs. Household Finance Corporation II, et al__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☑ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☑

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☑

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Joseph S. Berman, Esq.  BBO No. 566006__
ADDRESS __210 Commercial Street, 5th Floor, Boston, MA 02109__
TELEPHONE NO. __617-723-9911__

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Stephen Golash and Susan Golash

**(b)** County of Residence of First Listed Plaintiff: Hampshire County
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Household Finance Corporation II, Patrica A. Davis, Richard J. volpe, and Shechtman Halperin Savage, LLP.

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Patricia S. Szumowski, Esq. # 653839
Graham & Albano, P.C., 100 Russell St., P.O. Box 377
Hadley, MA 01035

Attorneys (If Known)

Joseph S. Berman, Esq # 566006
Berman and Dowell, 210 Commercial Street, 5th Floor, Boston, MA 02109

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for (For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☒ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. 1441, 1331, and 146 and the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. Plaintiffs have alleged violations of the Federal Debt Collection Practices Act.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 11/11/04

SIGNATURE OF ATTORNEY OF RECORD  11/11/04

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPSHIRE, ss.                                SUPERIOR COURT DEPARTMENT
                                              CIVIL ACTION NO.: 04-232

STEPHEN GOLASH and SUSAN GOLASH, )
                Plaintiffs,                    )
                                               )
v.                                             )    **COMPLAINT FOR DAMAGES;**
                                               )    **JURY TRIAL DEMAND**
HOUSEHOLD FINANCE CORPORATION II, )
PATRICIA A. DAVIS, RICHARD J. VOLPE, )
and SHECHTMAN HALPERIN SAVAGE, LLP, )
                Defendants.                    )

Plaintiffs STEPHEN GOLASH and SUSAN GOLASH allege as follows:

### BACKGROUND FACTS

1. Plaintiff STEPHEN GOLASH is a natural person residing at 100 Chestnut Street, Hatfield, Hampshire County, Massachusetts.

2. Plaintiff SUSAN GOLASH is a natural person residing at 100 Chestnut Street, Hatfield, Hampshire County, Massachusetts.

3. Defendant HOUSEHOLD FINANCE CORPORATION II ("HFC") is a foreign corporation with its principal offices at 2700 Sanders Road, Prospect Heights, Illinois.

4. Defendant HFC is licensed to conduct various financial services in the Commonwealth of Massachusetts, including mortgage lending services at 935 Riverdale Street, West Springfield, MA.

5. Defendant PATRICIA A. DAVIS is a natural person, whose residence is unknown to the Plaintiffs.

IRAHAM & ALBANO, P.C.
100 RUSSELL STREET
P.O. BOX 377
ADLEY, MA 01035-0377
AREA CODE 413
586-5055
532-3387
FAX: 532-0636

1

6. Defendant RICHARD J. VOLPE is a natural person, whose residence is unknown to the Plaintiffs.

7. Defendant SHECHTMAN HALPERIN & SAVAGE, LLP ("SHS") is a foreign limited liability partnership offering professional legal services in the Commonwealth of Massachusetts. Defendant SHS's usual place of business in the Commonwealth is at 352 Newberry Street, Boston, Massachusetts.

8. At all relevant times, Defendant DAVIS was an attorney at law, licensed to practice law in the Commonwealth of Massachusetts, and associated with Defendant SHS.

9. At all relevant times, Defendant VOLPE was an attorney at law, licensed to practice law in the Commonwealth of Massachusetts, and associated with Defendant SHS.

10. At all relevant times, Defendant DAVIS was acting within the scope of her employment with Defendant SHS.

11. At all relevant times, Defendant VOLPE was acting within the scope of his employment with Defendant SHS.

12. At all relevant times, Defendant HFC had retained Defendants DAVIS and VOLPE as its attorneys.

13. At all relevant times, Defendants were engaged, in part, in the collection of debt for Defendant HFC.

14. At all relevant times, Plaintiffs owned the real property at 100 Chestnut Street, Hatfield, MA 01038.

15. Plaintiffs had a loan with Defendant HFC, Loan No. 522200-835631 (Acct. No. 522200-00-836001-3 on monthly statements), dated March 25, 1998, in

the original principal amount of $39,415.12, at a contract rate of 12.997%, secured by a mortgage of Plaintiffs' residence at 100 Chestnut Street, Hatfield (the "Loan").

16. Plaintiffs' mortgage securing the Loan by Defendant HFC was recorded in the Hampshire County Registry of Deeds, Book 5335 Page 345.

17. At the time Plaintiffs originated the Loan, Defendant HFC included in the principal $39,415.12 borrowed and financed single premiums of $1,571.09 for credit life insurance and $863.18 for credit disability insurance, for the benefit of Defendant HFC.

18. The entire Loan principal of $39,415.12 was disbursed on or about March 25, 1998 to pay off two prior HFC accounts (No. 522200-26-765765 and No. 522200-26-765157) in the amounts of $10,026.74 and $26,773.11, respectively, and to pay the credit insurance premiums ($1,571.09 and $863.18), as well as $181.00 for title insurance and taxes.

19. From March of 1998 through October of 2003, the principal balance due on the Loan as reflected on Defendant HFC's monthly statements to Plaintiffs was a never changing $39,415.12 (the original principal sum).

20. On October 10, 2003, Defendant DAVIS mailed separate but identical debt collection letters on behalf of Defendant HFC to each of the Plaintiffs stating that Plaintiffs could cure a default under their mortgage securing the Loan by paying the outstanding July 2003 through September 2003 monthly payments totaling $1,307.85 plus $100 for legal fees and expenses. The letter warns an adjustment might be made after receipt of a payment check and that Plaintiffs would be informed before "depositing the check for collection." The

3

letter further advised the Plaintiffs to telephone a specific number and talk with Ms. Colon of Defendant HFC. The letter did not include the debt collection disclosures required by federal law.

21. On or about October 20, 2003, Plaintiff Susan Golash telephoned Defendant HFC at the number provided in Defendant DAVIS' October 10, 2003 debt collection letter and told Defendant HFC's Ms. Colon that Plaintiffs were in the process of refinancing their HFC mortgage debt and would like to make a partial payment of the amount necessary to cure the HFC default. Defendant HFC requested further evidence of the Plaintiffs' refinancing.

22. On October 23, 2003, Plaintiff Susan Golash again called Defendant HFC to make a telephone payment to cure the default. Plaintiff was advised that instead of the $1,307.85 plus $100 for legal fees (for a total of $1,407.85) due as stated in the October 10, 2003 collection letter, Plaintiffs would have to pay $2,937.85 to cure the default on the Loan. The $2,937.85 included the $1,307.85 in outstanding monthly payments plus $1,630.00 in additional fees.

23. On October 30, 2003, Plaintiff Susan Golash paid $2,937.85 to Defendant HFC in person at their offices at 935 Riverdale Street, West Springfield, Massachusetts.

24. Defendant HFC's November 8, 2003 monthly statement to Plaintiffs, Defendant HFC accounted for only $1,307.85 of the $2,937.85 payment made by Plaintiffs on October 30, 2003.

25. Defendant HFC's November 8, 2003 monthly statement to Plaintiffs shows a balance due of $38,977.51, the first change in the balance due on any monthly statement throughout the entire history of the Loan.

26. On November 6, 2003, Defendant HFC provided Plaintiffs' real estate attorney with a Loan payoff letter (good until November 18, 2003) for Plaintiffs' refinancing, which showed $44,771.21 due in principal and interest, with a per diem interest of $13.89.

27. On November 24, 2003, the Loan was paid off with a payment of $44,929.55 made to HFC from the proceeds of Plaintiffs' refinancing.

28. In a December 3, 2003 letter, Defendant HFC confirmed the Loan was "paid in full" and returned the original Loan Repayment And Security Agreement and the original Mortgage to Plaintiffs.

29. On December 3, 2003, HFC executed a Discharge of Mortgage for the satisfaction of the Loan. On December 6, 2003, the Discharge was recorded in the Hampshire County Registry of Deeds, Book 7621 Page 60.

30. Defendant HFC's December 8, 2003 monthly statement to Plaintiffs shows the payment of $44,929.55, $39,052.56 "applied to balance" and $5,876.99 applied to "interest, insurance and other charges."

31. The $5,876.99 collected by Defendant HFC as part of the Loan payoff and applied to "interest, insurance and other charges" on the monthly statement has never been itemized, explained or otherwise accounted for by Defendant HFC.

32. In a letter dated January 5, 2004, Plaintiffs wrote Defendant SHS requesting an accounting of the $1,630.00 for additional fees collected from Plaintiffs when they were required to pay $2,937.85 in October 2003 to cure default of the Loan.

33. Defendant HFC and Defendant SHS failed to respond to Plaintiffs' January 5, 2004 letter and failed to account fully for the $1,630.00 paid by Plaintiffs to Defendant HFC on October 30, 2003.

34. On or about December 4, 2003, Defendant VOLPE commenced a foreclosure action, on behalf of Defendant HFC, against Plaintiffs, in the Massachusetts Land Court on the mortgage, which formerly secured the then fully paid Loan.

35. On January 6, 2004, the Land Court issued a notice, pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, of Defendant HFC's filing of a complaint "for authority to foreclosure [on Plaintiffs'] mortgage in the manner following: by entry and possession and exercise of power of sale" ("Notice").

36. On or about January 12, 2004, Defendants delivered the Notice to Plaintiffs' local newspaper, the Daily Hampshire Gazette, for publication to Plaintiffs and the public.

37. On and before January 12, 2004, Defendant HFC knew that the Loan had previously been paid and that there were no grounds for the Land Court lawsuit or for publication of the Notice.

38. On or before January 13, 2004, Defendant SHS, Defendant DAVIS and Defendant VOLPE knew that the Loan had previously been paid and that there were no grounds for the Land Court lawsuit or for publication of the Notice.

39. On January 20, 2004, the false and defamatory Notice was published in the Daily Hampshire Gazette.

## COUNT I
## DEFAMATION

40. Plaintiffs re-allege and incorporate by reference the allegations set forth in Paragraphs 1 through 39 of this Complaint inclusive.

41. On or about January 12, 2004, Defendants caused the Notice to be delivered to the Plaintiffs' local newspaper, the Daily Hampshire Gazette for publication.

42. The Notice contained false and defamatory statements inferring Plaintiffs' inability or refusal to pay a mortgage debt allegedly owed to Defendant HFC.

43. On and before January 13, 2004, Defendants knew that Plaintiffs' Loan with Defendant HFC was fully paid off, that the mortgage formerly securing the Loan was discharged, and that there were no grounds for the Land Court lawsuit or for publication of the Notice.

44. Defendants failed to cancel their order for publication of the Notice in the Daily Hampshire Gazette.

45. On January 20, 2004, and with Defendants' knowledge or reckless disregard for whether it was false or not, the Notice was published to the public and the Plaintiffs in the Daily Hampshire Gazette.

46. The publication of the Notice in the Daily Hampshire Gazette was an unprivileged, unreasonable and unnecessary publication to persons in Plaintiffs' community.

47. As a result of the publication of the false and defamatory statements, Plaintiffs have suffered damage to their reputations, personal humiliation, and mental anguish and suffering.

**WHEREFORE,** Plaintiffs pray for judgment as set forth herein below.

## COUNT II
## INVASION OF PRIVACY

48. Plaintiffs re-allege and incorporate by reference the allegations set forth in Paragraphs 1 through 47 of this Complaint inclusive.

49. The publication of the Notice in The Daily Hampshire Gazette was an invasion of Plaintiffs rights to be let alone, free from unwarranted and defamatory publicity and to be protected from a wrongful intrusion into their life and physical solitude.

50. As a result of Defendants invasion of Plaintiffs' privacy, Plaintiffs suffered humiliation and mental anguish and suffering.

**WHEREFORE,** Plaintiffs pray for judgment as set forth herein below.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51. Plaintiffs re-allege and incorporate by reference the allegations set forth in Paragraphs 1 through 50 of this Complaint inclusive.

52. Defendants' conduct as alleged hereinabove was extreme and outrageous intended by Defendants to cause, or with reckless disregard of the probability of causing, emotional distress to Plaintiffs.

53. As a proximate result of Defendants' conduct, Plaintiffs have suffered severe emotional distress.

**WHEREFORE,** Plaintiffs pray for judgment as set forth herein below.

## COUNT IV
## VIOLATION OF MASS. GEN. LAWS CHAPTER 93A §§2 and 9

54. Plaintiffs re-allege and incorporate by reference the allegations set forth in Paragraphs 1 through 53 of this Complaint inclusive.

55. At all relevant times, Defendants were engaged in trade or commerce.

56. Defendant HFC's failure to account for funds collected from Plaintiffs as required by Massachusetts Banking Regulations, 209 C.M.R. 32.07(1), 32.07(3) and 32.07(8), and 209 CMR 32.10, was an unfair or deceptive act or practice unlawful by Chapter 93A and the regulations promulgated thereunder, including 940 C.M.R. 3.16, subsections 1 and 3.

57. Defendant DAVIS' use of the October 10, 2004 letter in an attempt to collect a personal debt previously discharged in Plaintiffs' bankruptcy was an unfair or deceptive act or practice unlawful by Chapter 93A and the regulations promulgated thereunder, including 940 C.M.R. 3.16, subsections 1 and 4.

58. Defendant DAVIS' use of the October 10, 2004 letter without the debt collection disclosures required by the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. was an unfair or deceptive act or practice unlawful by Chapter 93A and the regulations promulgated thereunder, including 940 C.M.R. 3.16, subsections 1 and 4.

59. Defendant HFC's collection, with the assistance of Defendants SHS and DAVIS, of an excessive and unreasonable amount of funds from Plaintiffs on October 30, 2004, which was not fully accounted for, was an unfair or deceptive act or practice unlawful by Chapter 93A and the regulations promulgated thereunder, including 940 C.M.R. 3.16, subsections 1 and 3.

60. Defendant HFC's collection of an excessive and unreasonable amount of funds from Plaintiffs on November 24, 2004, which was not fully accounted for, was an unfair or deceptive act or practice unlawful by Chapter 93A and the regulations promulgated thereunder, including 940 C.M.R. 3.16, subsections 1 and 3.

61. Defendants' causing the publication of the Notice in the Daily Hampshire Gazette was an unfair or deceptive attempt to collect an alleged debt in violation of Mass. Gen. Laws c.93 §49(a) because the publication of the Notice was an unauthorized communication to persons other than the Plaintiffs that Plaintiffs were unable or refused to pay an allegedly unpaid mortgage debt to Defendant HFC, and as such was an unfair or deceptive act or practice unlawful by Chapter 93A and the regulations promulgated thereunder, including 940 C.M.R. 3.16, subsections 1 and 3.

62. Defendants' causing the publication of the Notice in the Daily Hampshire Gazette was an unfair or deceptive attempt to collect an alleged debt in violation of Mass. Gen. Laws c.93 §49(c) because the publication of the Notice was a harassing and embarrassing communication to Plaintiffs and the public that Plaintiffs were unable or refused to pay an allegedly unpaid mortgage debt to Defendant HFC when the debt had been fully paid by Plaintiffs, and as such was an unfair or deceptive act or practice unlawful by Chapter 93A and the regulations promulgated thereunder, including 940 C.M.R. 3.16, subsections 1 and 3.

63. Defendants' causing the publication of the Notice in the Daily Hampshire Gazette containing false and defamatory statements that Plaintiffs were

unable or refused to pay an allegedly unpaid mortgage debt to Defendant HFC when Defendants knew the debt had been fully paid by Plaintiffs and the mortgage discharged was an unfair or deceptive act or practice unlawful by Chapter 93A and the regulations promulgated thereunder, including 940 C.M.R. 3.16, subsection 1.

64. Defendants' invasion of Plaintiffs' privacy by causing the publication of the Notice in the Daily Hampshire Gazette containing false and defamatory statements that Plaintiffs were unable or refused to pay an allegedly unpaid mortgage debt to Defendant HFC when Defendants knew the debt had been fully paid by Plaintiffs and the mortgage discharged was an unfair or deceptive act or practice unlawful by Chapter 93A and the regulations promulgated thereunder, including 940 C.M.R. 3.16, subsection 1.

65. Defendants' intentional infliction on Plaintiffs of emotional distress by causing the publication of the Notice in the Daily Hampshire Gazette containing false and defamatory statements that Plaintiffs were unable or refused to pay an allegedly unpaid mortgage debt to Defendant HFC when Defendants knew the debt had been fully paid by Plaintiffs and the mortgage discharged was an unfair or deceptive act or practice unlawful by Chapter 93A and the regulations promulgated thereunder, including 940 C.M.R. 3.16, subsection 1.

66. Defendants' actions complained of herein were performed willfully or knowingly.

67. As a result of Defendants unfair or deceptive acts or practices, Plaintiffs have sustained injuries, including emotional anguish and suffering.

68. On May 12, 2004, Plaintiffs, through counsel, sent Defendants written demands for relief by sending Defendants demand letters as required by Chapter 93A §9.

69. Defendant HFC has failed to respond to Plaintiffs' demand letter.

70. Defendants SHS, DAVIS and VOLPE responded in a letter dated July 7, 2004 but refused to make a reasonable offer of relief to Plaintiffs.

71. Defendants refusal to grant relief upon demand was in bad faith with knowledge or reason to know that the acts or practice complained of violated Chapter 93A §2.

**WHEREFORE**, Plaintiffs pray for judgment as set forth herein below.

### PRAYER FOR RELIEF

1. Judgment for Plaintiffs and against Defendants for damages in an amount according to proof at trial, multiple damages according to Mass. Gen. Laws Chapter 93A §9, interest, costs, and attorneys' fees; and

2. For such other and further relief as the Court may deem just and proper.

### REQUEST FOR TRIAL BY JURY

Plaintiffs hereby request a jury trial on all issues triable to a jury.

Plaintiffs STEPHEN GOLASH
and SUSAN GOLASH

Dated: October 5, 2004     By: _____
PATRICIA A. SZUMOWSKI
Attorney for Plaintiffs
GRAHAM & ALBANO, P.C.
100 Russell Street, P.O. Box 377
Hadley, MA 01035
(413) 586-5055
BBO No.: 653839

12

COMMONWEALTH OF MASSACHUSETTS

HAMPSHIRE, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
C.A. NO: HSCV2004-00232

STEPHEN GOLASH AND
SUSAN GOLASH,
      Plaintiffs,

VS.

HOUSEHOLD FINANCE CORPORATION II,
PATRICIA A. DAVIS, RICHARD J. VOLPE,
And SHECHTMAN HALPERIN SAVAGE, LLP
      Defendants.

To:   Civil Clerk, Superior Court Department
      Hampshire County, Commonwealth of Massachusetts

    PLEASE TAKE NOTICE that the Defendants, Patricia A. Davis, Richard J. Volpe, and Shechtman Halperin Savage, LLP., have filed in the United States District Court for the District of Massachusetts a Notice of Removal of the above-captioned matter. A copy of the Notice of Removal is attached hereto as Exhibit 1.

    **ACCORDINGLY, please provide the United States District Court for the District of Massachusetts with a certified copy of all pleadings and papers filed in this matter, as well as a certified copy of the docket sheets, forthwith.**

                        Respectfully submitted,
                        Defendants,
                        Patricia A. Davis, Richard J. Volpe, and
                        Shechtman Halperin Savage, LLP.

                        By their attorneys,

                        Joseph S. Berman  BBO No. 566006
                        210 Commercial Street, 5th Floor
                        Boston, MA 02109
                        617-723-9911

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that she caused a true and accurate copy of the within Notice of Removal (with attachments) was served via overnight delivery, postage prepaid, upon Patricia A. Szumowski, Graham & Albano, P.C., 100 Russell St., P.O. Box 377, Hadley, MA 01035 and Preston Halperin, Esq., Shechtman, Halperin, & Savage, 86 Weybosset Street, Providence, RI 2903 on this the 11th day of November 2004.

_____
Joseph S. Berman