

## Commonwealth of Massachusetts

SUPERIOR COURT DEPARTMENT FOR THE TRIAL COURT

P.O. BOX 1119, NORTHAMPTON, MA 01061

TELEPHONE NO. (413) 584-5810, ext. 287      FAX NO. (413) 586-8217

HARRY JEKANOWSKI, JR., ESQ.
Clerk-Magistrate

NANCY A. FOLEY
First Assistant Clerk

November 22, 2004

United States District Court
Federal Building and Courthouse
1550 Main Street
Springfield, MA   01102

O 4 c v 1 2 4 1 4
CvT0

ATTENTION: Mary Finn

IN RE:      Hampshire County Civil Action 04-232, Golash vs. Household
Finance Corporation II., et als

Dear Ms. Finn:

On November 22, 2004 a Petition for Removal to the United States District Court was filed by the defendants, Patricia A. Davis, Richard J. Volpe and Shechtman Halperin Savage, LLP., in the above-entitled civil action.

Enclosed herewith are certified copies of all pleadings filed in this matter along with a certified copy of the docket entries.

Sincerely yours,

Harry Jekanowski, Jr.
Clerk/Magistrate

HJJ/pas
Enclosures



# COMMONWEALTH OF MASSACHUSETTS

**Hampshire, ss**

**Superior Court**
**Civil Action No. 04-232**

### CERTIFICATION        $04cv12414-GAO$

I , Harry Jekanowski, Jr., Clerk of the Superior Court for the County of Hampshire do hereby

certify that the attached is a true copy of the entire file and docket entries.

Stephen Golash and Susan Golash

VS.

Household Finance Corporation II, Patricia A. Davis

Richard J. Volpe and Shechtman Halperin Savage, LLP



Witness my hand and the seal of the

Superior Court Department of the Trial

Court this 22nd day of November 2004.

Harry Jekanowski, Jr.
Clerk/Magistrate

Commonwealth of Massachusetts
HAMPSHIRE SUPERIOR COURT
Case Summary
Civil Docket

# HSCV2004-00232
## Golash et al v Household Finance Corporation II et al

| | | | | |
|---|---|---|---|---|
| **File Date** | 10/05/2004 | **Status** | Disposed: transfered to other court (dtrans) | |
| **Status Date** | 11/22/2004 | **Session** | A - Civil A- CtRm 2-3rd fl | |
| **Origin** | 1 | **Case Type** | B99 - Misc tort | |
| **Lead Case** | | **Track** | F | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 01/03/2005 | **Answer** | 03/04/2005 | **Rule12/19/20** | 03/04/2005 |
| **Rule 15** | 03/04/2005 | **Discovery** | 08/01/2005 | **Rule 56** | 08/31/2005 |
| **Final PTC** | 09/30/2005 | **Disposition** | 11/29/2005 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Stephen  Golash
Active 10/05/2004

**Plaintiff**
Susan  Golash
Active 10/05/2004

**Defendant**
Household Finance Corporation II
Served: 10/18/2004
Served (answr pending) 10/27/2004

**Defendant**
Patricia A.  Davis
Service pending 10/05/2004

**Private Counsel 653839**
Patricia A Szumowski
Graham & Albano
100 Russell Street
PO Box 377
Hadley, MA 01035-0377
Phone: 413-586-5055
Fax: 413-532-0636
Active 10/05/2004 Notify

*** See Attorney Information Above ***

MAS-20040909
shepardp

Case 3:04-cv-12414-MAP    Document 2    Filed 11/30/2004    Page 4 of 17

11/22/2004
09 57 AM

Commonwealth of Massachusetts
HAMPSHIRE SUPERIOR COURT
Case Summary
Civil Docket

## HSCV2004-00232
## Golash et al v Household Finance Corporation II et al

**Defendant**
Richard J Volpe
Served: 10/13/2004
Served (answr pending) 10/20/2004

**Defendant**
Shechtman Halperin Savage, LLP
Served: 10/13/2004
Served (answr pending) 10/20/2004

### ENTRIES

| Date | Paper | Text |
|------|-------|------|
| 10/05/2004 | 1.0 | Complaint with jury claim & civil action cover sheet filed |
| 10/05/2004 | | Origin 1, Type B99, Track F. |
| 10/06/2004 | | Case selected for review pursuant to ST.1996.c358,s.5 |
| 10/06/2004 | | Tracking deadlines set and mailed to Attorney Szumowski. |
| 10/06/2004 | | Notice of 93A complaint sent to Attorney General in Springfield and Boston. |
| 10/20/2004 | 2.0 | SERVICE RETURNED: (certified, return receipt) Shechtman Halperin Savage, LLP(Defendant) |
| 10/20/2004 | 3.0 | SERVICE RETURNED: (certified, return receipt) Richard J Volpe(Defendant) |
| 10/26/2004 | 4.0 | SERVICE RETURNED:  Household Finance Corporation II(Defendant) |
| 10/26/2004 | 5.0 | SERVICE RETURNED: (certificate of Secretary of State): Patricia A. Davis |
| 10/26/2004 | 6.0 | SERVICE RETURNED: (certificate of Secretary of State): Richard J Volpe |
| 10/26/2004 | 7.0 | SERVICE RETURNED: (certificate of Secretary of State): Shechtman Halperin Savage, LLP |
| 11/22/2004 | 8.0 | Notice for Removal to the United States District Court filed by Patricia A. Davis, Richard J. Volpe and Shechtman Halperin Savage |
| 11/22/2004 | | Case REMOVED this date to US District Court of Massachusetts. Certified copy of entire file and docket entries sent to US District Court. |

### EVENTS

| CIVIL ACTION COVER SHEET | ● 04 232 | al Court of Massachusetts Superior Court Department County: Hampshire |
|---|---|---|

| PLAINTIFF(S)<br>Stephen Golash and Susan Golash | DEFENDANT(S) Household Finance Corporation I,<br>Patricia A. Davis, RIchard J. Volpe, and<br>Shechtman Halperin Savage, LLP |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Patricia A. Szumowski, Graham & Albano, P.C.<br>100 Russell St. Hadley, MA 01035  413-586-5055<br>Board of Bar Overseers number:  653839 | ATTORNEY (if known) |

## Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial)  (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | M.G.L. c. 93A Sec. 2 & 9 ( F ) | | ( X ) Yes        ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . .
  2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . .
  3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . .
  4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . .
  5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . .
                                                    Subtotal $ . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . .
F. Other documented items of damages (describe)

                                             $ . . . . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
  Emotional distress, damage to reputation, personal humiliation, and
  pain and suffering arising from unfair business acts, defamation,
  invasion of privacy, and intentional infliction of emotional distress. $ . . . . . . . . .
                                     TOTAL $ 50,000.00 +

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                     TOTAL $. . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 10/5/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 NOV 12 P 12: 32

U.S. DISTRICT COURT
DISTRICT OF MASS.

STEPHEN GOLASH AND
SUSAN GOLASH,
      Plaintiffs,

                         HAMPSHIRE COUNTY
                         SUPERIOR COURT
VS.                        C.A. NO: HSCV2004-00232

HOUSEHOLD FINANCE CORPORATION II,  04 - 12414 GAO
PATRICIA A. DAVIS, RICHARD J. VOLPE,  USDC C.A. NO:
And SHECHTMAN HALPERIN SAVAGE, LLP
          Defendants.

## NOTICE OF REMOVAL

     Defendants, Patricia A. Davis, Richard J. Volpe, and Shechtman Halperin Savage,

LLP.

hereby submit as follows:

     1.    Pursuant to 28 U.S.C. § 1441, 1331, and 1446, the Defendants Patricia A.

Davis, Richard J. Volpe, and Shechtman Halperin Savage, LLP (collectively

"Defendants") hereby remove to this Court the above-captioned state court civil action

which is pending in the Superior Court Department, Hampshire County, Commonwealth

of Massachusetts, civil action number HSCV2004-00232.

     2.    On or about October 5, 2004, the plaintiffs Stephen Golash and Susan

Golash  (collectively "Plaintiffs") filed Civil Action No. HSCV 2004-00232 in

Hampshire County Superior Court, against the above listed Defendants. Defendants

Patricia A. Davis, Richard J. Volpe, and Shechtman Halperin Savage, LLP were

allegedly served on or about October 13, 2004.

3.      In accordance with 28 U.S.C. § 1446(a) and Local Rule 81.1 Defendants have attached hereto true and accurate copies of the Summonses and Complaint served on the Defendants and will, within thirty days of filing this Notice of Removal, caused to be filed with this Court, certified copies of all records and proceedings and docket entries that were originally filed in the state court, if any.

4.      Defendants have filed no pleadings or papers in the state court action in response to the Complaint.

5.      This Notice of Removal is being timely filed, within thirty days of the Defendants' receipt of service of the Complaint, in accordance with 28 U.S.C. § 1446(b).

6.      This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1441 and §1331 because it is an action arising under the laws of the United States. This action may be removed to this Court pursuant to these provisions because the Plaintiffs' allege Defendants' actions violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., thereby raising a question of federal law.

7.      Venue in this Court is proper under 28 U.S.C. §1391(a) because a substantial part of the alleged events giving rise to the Plaintiff's claims allegedly occurred in this District and the parties reside in and/or have a place of business in Massachusetts.

8.      Pursuant to 28 U.S.C. § 1446(d), the Defendant will provide written notice of this petition to all adverse parties.

9.   Pursuant to 28 U.S.C. § 1446(d), the Defendant will file a copy of this

petition with the Clerk of the Hampshire County Superior Court.

Respectfully submitted,
Defendants,
Patricia A. Davis, Richard J. Volpe, and
Shechtman Halperin Savage, LLP.

By their attorneys,

Joseph S. Berman   BBO No. 566006
Berman & Dowell
210 Commercial Street, 5th Floor
Boston, MA 02109
617-723-9911

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that she caused a true and accurate copy of
the within Notice of Removal (with attachments) was served via overnight delivery,
postage prepaid, upon Patricia A. Szumowski, Graham & Albano, P.C., 100 Russell St.,
P.O. Box 377, Hadley, MA  01035 and Preston Halperin, Esq., Shechtman, Halperin, &
Savage, 86 Weybosset Street, Providence, RI 2903on this the _11_ day of November 2004.

Joseph S. Berman

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _Stephen Golash, et al vs. Household Finance Corporation II, et al_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

☑ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

*Also complete AO 120 or AO 121 for patent, trademark or copyright cases

☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
YES ☐  NO ☑

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
YES ☐  NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
YES ☐  NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
YES ☐  NO ☐

A. If yes, in which division do all of the non-governmental parties reside?
YES ☐  NO ☑
Eastern Division ☐     Central Division ☐     Western Division ☐

B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
Eastern Division ☑     Central Division ☐     Western Division ☑

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
YES ☐  NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Joseph S. Berman, Esq.   BBO No. 566006_
ADDRESS _210 Commercial Street, 5th Floor, Boston, MA 02109_
TELEPHONE NO. _617-723-9911_

(Coversheetlocal.wpd - 10/17/02)

JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Stephen Golash and
Susan Golash

**(b)** County of Residence of First Listed Plaintiff  **Hampshire County**
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Household Finance Corporation II, Patricia A. Davis, Richard J. volpe, and Shechtman Halperin Savage, LLP.

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Patricia S. Szumowski, Esq. # 653839
Graham & Albano, P.C., 100 Russell St., P.O. Box 377
Hadley, MA 01035

Attorneys (If Known)

Joseph S. Berman, Esq # 566006
Berman and Dowell, 210 Commercial Street, 5th
Floor, Boston, MA 02109

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane **PERSONAL INJURY** ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability ☐ 365 Personal Injury — | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Product Liability Slander | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Injury Product Liability Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent ☐ 840 Trademark | ☐ 810 Selective Service ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine **PERSONAL PROPERTY** ☐ 345 Marine Product ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | Liability ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Property Damage Product Liability ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 360 Other Personal Injury Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 740 Railway Labor Act | Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | **FEDERAL TAX SUITS** | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

| | |
|---|---|
| ☐ 1  Original Proceeding | ☒ 2  Removed from State Court |
| ☐ 3  Remanded from Appellate Court | ☐ 4  Reinstated or Reopened |
| ☐ 5  Transferred from another district (specify) | ☐ 6  Multidistrict Litigation |
| | ☐ 7  Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION  (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. 1441, 1331, and 146 and the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. Plaintiffs have alleged violations of the Federal Debt Collection Practices Act.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY  (See instructions)

JUDGE _____  DOCKET NUMBER _____

DATE  **11/11/04**    SIGNATURE OF ATTORNEY OF RECORD  11/11/04

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPSHIRE, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.:

04  232

|  |  |
|---|---|
| STEPHEN GOLASH and SUSAN GOLASH,<br>Plaintiffs,<br><br>v.<br><br>HOUSEHOLD FINANCE CORPORATION II,<br>PATRICIA A. DAVIS, RICHARD J. VOLPE,<br>and SHECHTMAN HALPERIN SAVAGE, LLP,<br>Defendants. | **AFFIDAVIT OF SERVICE OF<br>PROCESS ON SHECHTMAN<br>HALPERIN & SAVAGE, LLP** |

NOW COMES Patricia A. Szumowski, counsel for Plaintiffs and, making this Affidavit under the penalties of perjury, states that the statements made below are true of her own knowledge, information and belief and, so far as the facts are stated to be upon information and belief, she believes such information to be true.

1. I am the attorney of record for Plaintiffs in the above matter.

2. Service of process on Defendant Shechtman Halperin & Savage, LLP has been made under Mass. Gen. Laws c.227 §5 by mailing, registered mail, return receipt requested, a copy of the Summons, Complaint and Civil Coversheet to the Secretary of the Commonwealth.   The Secretary was provided a fee check and was requested to give notice to said Defendant.

GRAHAM & ALBANO, P.C.
100 RUSSELL STREET
P.O. BOX 377
HADLEY, MA 01035-0377
AREA CODE 413
586-5055
532-3387
FAX: 532-0636

1

3.    Attached hereto is a true and correct copy of my letter to the Secretary of the

Commonwealth and the original signed return receipt card received from the

Secretary of the Commonwealth 's Office.

Signed under the pains and penalties of perjury this 25 day of October, 2004.

PATRICIA A. SZUMOWSKI
Attorney for Plaintiffs
GRAHAM & ALBANO, P.C.
100 Russell Street, P.O. Box 377
Hadley, MA  01035
(413) 586-5055
BBO No.: 653839

2

# GRAHAM & ALBANO, P.C.

ATTORNEYS AT LAW

100 RUSSELL STREET, P.O. BOX 377, HADLEY, MASSACHUSETTS 01035-0377

ALFRED J. ALBANO, JR.
aalbano@krypto.net

PATRICIA A. SZUMOWSKI
pszumowski@krypto.net

TELEPHONE
413-586-5055
413-532-3387
FACSIMILE
413-532-0636

October 8, 2004

*Registered Mail, No. 7002 3150 0006 2586 0906*
*Return Receipt Requested*

Secretary of the Commonwealth
Corporations Division
One Ashburton Place, 17th Floor
Boston, MA 02108-1512

Re:   Service of Process
      Golash v. Household Finance Corporation II, et al
      Hampshire County Superior Court Case No. 04-232

Dear Secretary of the Commonwealth:

Pursuant to the provisions of Mass. Gen. Laws c.227 §5, I hereby make service of process upon the Secretary of the Commonwealth for the following defendant in the above matter which party has failed to appoint an agent for service of process and has a usual place of business in the Commonwealth:

Shechtman Halperin & Savage, LLP
352 Newberry Street
Boston, MA 02115

Enclosed are duplicate sets of the Summons, Complaint and Statement of Damages, as well as our check to the Commonwealth for $10.00.

Please give notice to the defendant by mailing registered mail, return receipt requested to the defendant's last known address indicated above.

Very truly yours,

Patricia A. Szumowski

Enclosures
\\Ntbox\document\Pat\Golash\SOCsopSHS.ltr.doc

COMMONWEALTH OF MASSACHUSETTS
HAMPSHIRE, SS.

Superior Court Department of the
Trial Court of the Commonwealth
Civil Action

No.

Stephen Golash and
Susan Golash

, Plaintiff (s)

SUMMONS

v.

Household Finance Corporation II,
Patricia A. Davis, Richard J. Volpe,
and Shechtman Halperin Savage, LLP

, Defendant (s)

NOTICE TO DEFENDANT – You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant  :   Shechtman Halperin Savage, LLP

You are hereby summoned and required to serve upon  Patricia A. Szumowski
plaintiffs' attorney, whose address is  Graham & Albano, P.C., 100 Russell Street
P.O. Box 377, Hadley, MA 01035
an answer to the complaint which is herewith served upon you, within 20 days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You are also required to file your answer to the complaint in the office of the Clerk of this court at Northampton, either before service upon plaintiffs'  attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiffs  which arises out of the transaction or occurrence that is the subject matter of the plaintiffs' claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire at Northampton, the    Fifth
day of    October                                  , in the year of our Lord two thousand
and four.

*Harry Jekanawski, Jr.*

CLERK-MAGISTRATE

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. Circle type of action involved. Tort – Motor Vehicle Tort – Contract – Equitable relief.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

☐ Agent
☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery

1. Article Addressed to:

Secretary of Commonwealth
Corporations Division
One Ashburton Place, 17th Floor
Boston, MA 02108-1512

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☒ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7002 3150 0006 2586 0906

PS Form 3811, February 2004         Domestic Return Receipt         102595-02-M-1540

6

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPSHIRE, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: 04 232

STEPHEN GOLASH and SUSAN GOLASH,
Plaintiffs,

v.

HOUSEHOLD FINANCE CORPORATION II,
PATRICIA A. DAVIS, RICHARD J. VOLPE,
and SHECHTMAN HALPERIN SAVAGE, LLP,
Defendants.

**AFFIDAVIT OF SERVICE OF
PROCESS ON RICHARD J. VOLPE**

NOW COMES Patricia A. Szumowski, counsel for Plaintiffs and, making this Affidavit under the penalties of perjury, states that the statements made below are true of her own knowledge, information and belief and, so far as the facts are stated to be upon information and belief, she believes such information to be true.

1.    I am the attorney of record for Plaintiffs in the above matter.

2.    Service of process on Defendant Richard J. Volpe has been made under Mass. Gen. Laws c.227 §5 by mailing registered mail, return receipt requested, a copy of the Summons, Complaint and Civil Coversheet to the Secretary of the Commonwealth.   The Secretary was provided a fee check and was requested to give notice to said Defendant.

GRAHAM & ALBANO, P.C.
100 RUSSELL STREET
P.O. BOX 377
HADLEY, MA 01035-0377
AREA CODE 413
586-5055
532-3387
FAX: 532-0636

1

3.    Attached hereto is a true and correct copy of my letter to the Secretary of the

Commonwealth and the original signed return receipt card received from the

Secretary of the Commonwealth 's Office.

Signed under the pains and penalties of perjury this 25 day of October, 2004.

PATRICIA A. SZUMOWSKI
Attorney for Plaintiffs
GRAHAM & ALBANO, P.C.
100 Russell Street, P.O. Box 377
Hadley, MA  01035
(413) 586-5055
BBO No.: 653839

2

# GRAHAM & ALBANO, P.C.

ATTORNEYS AT LAW

100 RUSSELL STREET, P.O. BOX 377, HADLEY, MASSACHUSETTS  01035-0377

ALFRED J. ALBANO, JR.
  aalbano@krypto.net

PATRICIA A. SZUMOWSKI
  pszumowski@krypto.net

TELEPHONE
413-586-5055
413-532-3387
FACSIMILE
413-532-0636

October 8, 2004

*Registered Mail, No. 7002 3150 0006 2586 0913*
*Return Receipt Requested*

Secretary of the Commonwealth
Corporations Division
One Ashburton Place, 17th Floor
Boston, MA 02108-1512

> Re:   Service of Process
>        Golash v. Household Finance Corporation II, et al
>        Hampshire County Superior Court Case No. 04-232

Dear Secretary of the Commonwealth:

Pursuant to the provisions of Mass. Gen. Laws c.227 §5, I hereby make service of process upon the Secretary of the Commonwealth for the following defendant in the above matter which party has failed to appoint an agent for service of process and has a usual place of business in the Commonwealth:

Richard J. Volpe
Shechtman Halperin & Savage, LLP
352 Newberry Street
Boston, MA 02115

Enclosed are duplicate sets of the Summons, Complaint and Statement of Damages, as well as our check to the Commonwealth for $10.00.

Please give notice to the defendant by mailing registered mail, return receipt requested to the defendant's last known address. The defendant's residence address is unknown. The party is an attorney with the Shechtman law firm and is believed to be <u>more readily located at the firm's Rhode Island office</u>:

Richard J. Volpe
Shechtman Halperin & Savage, LLP
86 Weybosset Street
Providence, RI 02903

Very truly yours,

Patricia A. Szumowski

Enclosures
\\Ntbox\document\Pat\Golash\SOCsopRV.ltr.doc

COMMONWEALTH OF MᴀSSACHUSETTS
HAMPSHIRE, SS.

Superior Court Department of the
Trial Court of the Commonwealth
Civil Action

No.

Stephen Golash and
Susan Golash

, Plaintiff (s)

SUMMONS

v.

Household Finance Corporation II,
Patricia A. Davis, Richard J. Volpe,
and Shechtman Halperin Savage, LLP

, Defendant (s)

NOTICE TO DEFENDANT – You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office

To the above-named Defendant  :  Richard J. Volpe

You are hereby summoned and required to serve upon  Patricia A. Szumowski
plaintiffs' attorney, whose address is Graham & Albano, P.C., 100 Russell Street, P.O. Box 377, Hadley, MA 01035
an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Northampton, either before service upon plaintiffs' attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiffs which arises out of the transaction or occurrence that is the subject matter of the plaintiffs' claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire at Northampton, the    Fifth
day of    October
and four.
, in the year of our Lord two thousand

*Harry Jekamauski, Jr.*

CLERK-MAGISTRATE

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. Circle type of action involved.  Tort  – Motor Vehicle Tort  – Contract  – Equitable relief.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Secretary of Commonwealth
Corporations Division
One Ashburton Place, 17th Floor
Boston, MA 02108-1512

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

$ 00.000

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7002 3150 0000 2586 0913

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPSHIRE, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.:

04 232

)
STEPHEN GOLASH and SUSAN GOLASH,    )
Plaintiffs,    )
)
v.    )
)
HOUSEHOLD FINANCE CORPORATION II,    )
PATRICIA A. DAVIS, RICHARD J. VOLPE,    )
and SHECHTMAN HALPERIN SAVAGE, LLP,    )
Defendants.    )
)

**AFFIDAVIT OF SERVICE OF
PROCESS ON PATRICIA A. DAVIS**

NOW COMES Patricia A. Szumowski, counsel for Plaintiffs and, making this Affidavit under the penalties of perjury, states that the statements made below are true of her own knowledge, information and belief and, so far as the facts are stated to be upon information and belief, she believes such information to be true.

1.    I am the attorney of record for Plaintiffs in the above matter.

2.    Service of process on Defendant Patricia A. Davis has been made under Mass. Gen. Laws c.227 §5 by mailing registered mail, return receipt requested, a copy of the Summons, Complaint and Civil Coversheet to the Secretary of the Commonwealth.   The Secretary was provided a fee check and was requested to give notice to said Defendant.

GRAHAM & ALBANO, P.C.
100 RUSSELL STREET
P.O. BOX 377
HADLEY, MA 01035-0377
AREA CODE 413
586-5055
532-3387
FAX: 532-0636

1

3.    Attached hereto is a true and correct copy of my letter to the Secretary of the Commonwealth and the original signed return receipt card received from the Secretary of the Commonwealth 's Office.

Signed under the pains and penalties of perjury this 25th day of October, 2004.

PATRICIA A. SZUMOWSKI
Attorney for Plaintiffs
GRAHAM & ALBANO, P.C.
100 Russell Street, P.O. Box 377
Hadley, MA  01035
(413) 586-5055
BBO No.: 653839

2

# GRAHAM & ALBANO, P.C.

ATTORNEYS AT LAW

100 RUSSELL STREET, P.O. BOX 377, HADLEY, MASSACHUSETTS  01035-0377

ALFRED J. ALBANO, JR.
    aalbano@krypto.net

PATRICIA A. SZUMOWSKI
    pszumowski@krypto.net

TELEPHONE
413-586-5055
413-532-3387
FACSIMILE
413-532-0636

October 8, 2004

*Registered Mail, No. 7002 3150 0006 2586 0920*
*Return Receipt Requested*

Secretary of the Commonwealth
Corporations Division
One Ashburton Place, 17th Floor
Boston, MA 02108-1512

Re:    Service of Process
        Golash v. Household Finance Corporation II, et al
        Hampshire County Superior Court Case No. 04-232

Dear Secretary of the Commonwealth:

Pursuant to the provisions of Mass. Gen. Laws c.227 §5, I hereby make service of process upon the Secretary of the Commonwealth for the following defendant in the above matter which party has failed to appoint an agent for service of process and has a usual place of business in the Commonwealth:

Patricia A. Davis
Shechtman Halperin & Savage, LLP
352 Newberry Street
Boston, MA 02115

Enclosed are duplicate sets of the Summons, Complaint and Statement of Damages, as well as our check to the Commonwealth for $10.00.

Please give notice to the defendant by mailing registered mail, return receipt requested to the defendant's last known address.   The defendant's residence address is unknown.   The party is an attorney with the Shechtman law firm and is believed to be <u>more readily located at the firm's Rhode Island office</u>:

Patricia A. Davis
Shechtman Halperin & Savage, LLP
86 Weybosset Street
Providence, RI 02903

Very truly yours,

Patricia A. Szumowski

Enclosures
\\Ntbox\document\Pat\Golash\SOCsopPD.ltr.doc

COMMONWEALTH OF MASSACHUSETTS
HAMPSHIRE, SS.

Superior Court Department of the
Trial Court of the Commonwealth
Civil Action

No.

Stephen Golash and
Susan Golash

, Plaintiff (s)

v.

SUMMONS

Household Finance Corporation II,
Patricia A. Davis, Richard J. Volpe,
and Shechtman Halperin Savage, LLP

, Defendant (s)

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant  :  Patricia A. Davis

You are hereby summoned and required to serve upon  Patricia A. Szumowski, plaintiffs' attorney, whose address is Graham & Albano, P.C., 100 Russell Street, P.O. Box 377, Hadley, MA 01035 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You are also required to file your answer to the complaint in the office of the Clerk of this court at Northampton, either before service upon plaintiffs' attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiffs which arises out of the transaction or occurrence that is the subject matter of the plaintiffs' claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire at Northampton, the  Fifth day of   October  , in the year of our Lord two thousand and four.

*Harry Jekanowski, Jr.*

CLERK-MAGISTRATE

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. Circle type of action involved Tort – Motor Vehicle Tort – Contract – Equitable relief.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Secretary of Commonwealth
Corporations Division
one Ashburton Place, 7th F
Boston, MA 02108-1512

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

☐ Agent
☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

$ 00.000

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7002 3150 0000 2586 0920

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

4

COMMONWEALTH OF MASSACHUSETTS
HAMPSHIRE, SS.

Superior Court Department of the
Trial Court of the Commonwealth
Civil Action

No.    04 232

Stephen Golash and
Susan Golash
                    , Plaintiff (s)

          v.

SUMMONS

Household Finance Corporation II,
Patricia A. Davis, Richard J. Volpe,
and Shechtman Halperin Savage, LLP
                    , Defendant (s)

To the above-named Defendant  : Household Finance Corporation II

    You are hereby summoned and required to serve upon Patricia A. Szumowski
plaintiffs' attorney, whose address is Graham & Albano, P.C., 100 Russell Street,
P.O. Box 377, Hadley, MA 01035
an answer to the complaint which is herewith served upon you, within 20 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint. You are also
required to file your answer to the complaint in the office of the Clerk of this court at
Northampton, either before service upon plaintiffs'  attorney or within a reasonable time
thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any
claim which you may have against the plaintiffs  which arises out of the transaction or occurrence
that is the subject matter of the plaintiffs' claim or you will thereafter be barred from making such
claim in any other action.

    Witness, Suzanne V. DelVecchio, Esquire at Northampton, the  Fifth
                    , in the year of our Lord two thousand
day of  October
and four.

*Harry Jekanawski. Jr.*

CLERK-MAGISTRATE

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. Circle type of action involved( Tort  - )Motor Vehicle Tort – Contract – Equitable relief.



# The Commonwealth of Massachusetts

William Francis Galvin, Secretary of the Commonwealth
Corporations Division

October 19, 2004

TO:     **Hampshire Superior Court**
RE:     **Civil No. 04-232**

  I, *William Francis Galvin, Secretary of the Commonwealth*, do hereby certify that I have complied with section 5 of Chapter 227 of the Massachusetts General Laws, by forwarding on: October 13, 2004

to:  Richard J. Volpe
   Shechtman Halperin & Savage, LLP
   352 Newbury Street
   Boston, MA 02115

by certified mail, return receipt requested, a copy of a Complaint issued by the above named court in the case of:

### Stephen Golash and Susan Golash
### v.

day of October 2004

ANCIS GALVIN
OF THE
ALTH

(617) 727-0104

**SENDER: COMPLETE THIS SECTION**
■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Richard Volpe
Shechtman Halperin & Savage
352 Newbury Street
Boston, MA 02115

SOP

2. Article Number
(Transfer from service label)      7002 2410 0002 6054 9831

PS Form 3811, August 2001      Domestic Return Receipt      2ACPRI-03-Z-0985

**COMPLETE THIS SECTION ON DELIVERY**
A. Signature
X _____      ☐ Agent
       ☐ Addressee
B. Received by ( Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
 if YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail      ☐ Express Mail
☐ Registered      ☒ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)      ☐ Yes



# The Commonwealth of Massachusetts
William Francis Galvin, Secretary of the Commonwealth
Corporations Division

October 19, 2004

TO:   Hampshire Superior Court
RE:   **Civil No. 04-232**

I, ***William Francis Galvin, Secretary of the Commonwealth***, do hereby certify that I have complied with section 5 of Chapter 227 of the Massachusetts General Laws, by forwarding on October 13, 2004

to:   Shechtman Halperin & Savage, LLP
352 Newbury Street
Boston, MA 02115

by certified mail, return receipt requested, a copy of a Complaint issued by the above named court in the case of:

**Stephen Golash and Susan Golash**

*v.*

**Household Finance Corporation II, et al**

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Shecht man, Halperin Savage
352 Newbury Street
Boston, MA 02915

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail  ☐ Express Mail
   ☐ Registered  ☐ Return Receipt for Merchandise
   ☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)

7002 2410 0002 6054 9824

Form 3811, August 2001    Domestic Return Receipt

day of October 2004

ANCIS GALVIN
OF THE
EALTH

08 · (617) 727-0104

04 232

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPSHIRE, ss.                                    SUPERIOR COURT DEPARTMENT
                                                 CIVIL ACTION NO.:

|  |  |
|---|---|
| STEPHEN GOLASH and SUSAN GOLASH,<br>Plaintiffs,<br><br>v.<br><br>HOUSEHOLD FINANCE CORPORATION II,<br>PATRICIA A. DAVIS, RICHARD J. VOLPE,<br>and SHECHTMAN HALPERIN SAVAGE, LLP,<br>Defendants. | **COMPLAINT FOR DAMAGES;<br>JURY TRIAL DEMAND** |

Plaintiffs STEPHEN GOLASH and SUSAN GOLASH allege as follows:

**BACKGROUND FACTS**

1.  Plaintiff STEPHEN GOLASH is a natural person residing at 100 Chestnut Street, Hatfield, Hampshire County, Massachusetts.

2.  Plaintiff SUSAN GOLASH is a natural person residing at 100 Chestnut Street, Hatfield, Hampshire County, Massachusetts.

3.  Defendant HOUSEHOLD FINANCE CORPORATION II ("HFC") is a foreign corporation with its principal offices at 2700 Sanders Road, Prospect Heights, Illinois.

4.  Defendant HFC is licensed to conduct various financial services in the Commonwealth of Massachusetts, including mortgage lending services at 935 Riverdale Street, West Springfield, MA.

5.  Defendant PATRICIA A. DAVIS is a natural person, whose residence is unknown to the Plaintiffs.

GRAHAM & ALBANO, P.C.
100 RUSSELL STREET
P.O. BOX 377
HADLEY, MA 01035-0377
AREA CODE 413
586-5055
532-3387
FAX: 532-0636

1

6.    Defendant RICHARD J. VOLPE is a natural person, whose residence s unknown to the Plaintiffs.

7.    Defendant SHECHTMAN HALPERIN & SAVAGE, LLP ("SHS") is a foreign limited liability partnership offering professional legal services in the Commonwealth of Massachusetts.   Defendant SHS's usual place of business in the Commonwealth is at 352 Newberry Street, Boston, Massachusetts.

8.    At all relevant times, Defendant DAVIS was an attorney at law, licensed to practice law in the Commonwealth of Massachusetts, and associated with Defendant SHS.

9.    At all relevant times, Defendant VOLPE was an attorney at law, licensed to practice law in the Commonwealth of Massachusetts, and associated with Defendant SHS.

10.    At all relevant times, Defendant DAVIS was acting within the scope of her employment with Defendant SHS.

11.    At all relevant times, Defendant VOLPE was acting within the scope of his employment with Defendant SHS.

12.    At all relevant times, Defendant HFC had retained Defendants DAVIS and VOLPE as its attorneys.

13.    At all relevant times, Defendants were engaged, in part, in the collection of debt for Defendant HFC.

14.    At all relevant times, Plaintiffs owned the real property at 100 Chestnut Street, Hatfield, MA 01038.

15.    Plaintiffs had a loan with Defendant HFC, Loan No. 522200-835631 (Acct. No. 522200-00-836001-3 on monthly statements), dated March 25, 1998, in

the original principal amount of $39,415.12, at a contract rate of 12.997%, secured by a mortgage of Plaintiffs' residence at 100 Chestnut Street, Hatfield (the "Loan").

16. Plaintiffs' mortgage securing the Loan by Defendant HFC was recorded in the Hampshire County Registry of Deeds, Book 5335 Page 345.

17. At the time Plaintiffs originated the Loan, Defendant HFC included in the principal $39,415.12 borrowed and financed single premiums of $1,571.09 for credit life insurance and $863.18 for credit disability insurance, for the benefit of Defendant HFC.

18. The entire Loan principal of $39,415.12 was disbursed on or about March 25, 1998 to pay off two prior HFC accounts (No. 522200-26-765765 and No. 522200-26-765157) in the amounts of $10,026.74 and $26,773.71, respectively, and to pay the credit insurance premiums ($1,571.09 and $863.18), as well as $181.00 for title insurance and taxes.

19. From March of 1998 through October of 2003, the principal balance due on the Loan as reflected on Defendant HFC's monthly statements to Plaintiffs was a never changing $39,415.12 (the original principal sum).

20. On October 10, 2003, Defendant DAVIS mailed separate but identical debt collection letters on behalf of Defendant HFC to each of the Plaintiffs stating that Plaintiffs could cure a default under their mortgage securing the Loan by paying the outstanding July 2003 through September 2003 monthly payments totaling $1,307.85 plus $100 for legal fees and expenses. The letter warns an adjustment might be made after receipt of a payment check and that Plaintiffs would be informed before "depositing the check for collection." The

letter further advised the Plaintiffs to telephone a specific number and talk with Ms. Colon of Defendant HFC.     The letter did not include the debt collection disclosures required by federal law.

21.     On or about October 20, 2003, Plaintiff Susan Golash telephoned Defendant HFC at the number provided in Defendant DAVIS' October 10, 2003 debt collection letter and told Defendant HFC's Ms. Colon that Plaintiffs were in the process of refinancing their HFC mortgage debt and would like to make a partial payment of the amount necessary to cure the HFC default.     Defendant HFC requested further evidence of the Plaintiffs' refinancing.

22.     On October 23, 2003, Plaintiff Susan Golash again called Defendant HFC to make a telephone payment to cure the default.     Plaintiff was advised that instead of the $1,307.85 plus $100 for legal fees (for a total of $1,407.85) due as stated in the October 10, 2003 collection letter, Plaintiffs would have to pay $2,937.85 to cure the default on the Loan.     The $2,937.85 included the $1,307.85 in outstanding monthly payments plus $1,630.00 in additional fees.

23.     On October 30, 2003, Plaintiff Susan Golash paid $2,937.85 to Defendant HFC in person at their offices at 935 Riverdale Street, West Springfield, Massachusetts.

24.     Defendant HFC's November 8, 2003 monthly statement to Plaintiffs, Defendant HFC accounted for only $1,307.85 of the $2,937.85 payment made by Plaintiffs on October 30, 2003.

25.     Defendant HFC's November 8, 2003 monthly statement to Plaintiffs shows a balance due of $38,977.51, the first change in the balance due on any monthly statement throughout the entire history of the Loan.

4

26.   On November 6, 2003, Defendant HFC provided Plaintiffs' real estate attorney with a Loan payoff letter (good until November 18, 2003) for Plaintiffs' refinancing, which showed $44,771.21 due in principal and interest, with a per diem interest of $13.89.

27.   On November 24, 2003, the Loan was paid off with a payment of $44,929.55 made to HFC from the proceeds of Plaintiffs' refinancing.

28.   In a December 3, 2003 letter, Defendant HFC confirmed the Loan was "paid in full" and returned the original Loan Repayment And Security Agreement and the original Mortgage to Plaintiffs.

29.   On December 3, 2003, HFC executed a Discharge of Mortgage for the satisfaction of the Loan.   On December 6, 2003, the Discharge was recorded in the Hampshire County Registry of Deeds, Book 7621 Page 60.

30.   Defendant HFC's December 8, 2003 monthly statement to Plaintiffs shows the payment of $44,929.55, $39,052.56 "applied to balance" and $5,876.99 applied to "interest, insurance and other charges."

31.   The $5,876.99 collected by Defendant HFC as part of the Loan payoff and applied to "interest, insurance and other charges" on the monthly statement has never been itemized, explained or otherwise accounted for by Defendant HFC.

32.   In a letter dated January 5, 2004, Plaintiffs wrote Defendant SHS requesting an accounting of the $1,630.00 for additional fees collected from Plaintiffs when they were required to pay $2,937.85 in October 2003 to cure default of the Loan.

33.  Defendant HFC and Defendant SHS failed to respond to Plaintiffs' January 5, 2004 letter and failed to account fully for the $1,630.00 paid by Plaintiffs to Defendant HFC on October 30, 2003.

34.  On or about December 4, 2003, Defendant VOLPE commenced a foreclosure action, on behalf of Defendant HFC, against Plaintiffs, in the Massachusetts Land Court on the mortgage, which formerly secured the then fully paid Loan.

35.  On January 6, 2004, the Land Court issued a notice, pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, of Defendant HFC's filing of a complaint "for authority to foreclosure [on Plaintiffs'] mortgage in the manner following: by entry and possession and exercise of power of sale" ("Notice").

36.  On or about January 12, 2004, Defendants delivered the Notice to Plaintiffs' local newspaper, the Daily Hampshire Gazette, for publication to Plaintiffs and the public.

37.  On and before January 12, 2004, Defendant HFC knew that the Loan had previously been paid and that there were no grounds for the Land Court lawsuit or for publication of the Notice.

38.  On or before January 13, 2004, Defendant SHS, Defendant DAVIS and Defendant VOLPE knew that the Loan had previously been paid and that there were no grounds for the Land Court lawsuit or for publication of the Notice.

39.  On January 20, 2004, the false and defamatory Notice was published in the Daily Hampshire Gazette.

## COUNT I
## DEFAMATION

40. Plaintiffs re-allege and incorporate by reference the allegations set forth in Paragraphs 1 through 39 of this Complaint inclusive.

41. On or about January 12, 2004, Defendants caused the Notice to be delivered to the Plaintiffs' local newspaper, the Daily Hampshire Gazette for publication.

42. The Notice contained false and defamatory statements inferring Plaintiffs' inability or refusal to pay a mortgage debt allegedly owed to Defendant HFC.

43. On and before January 13, 2004, Defendants knew that Plaintiffs' Loan with Defendant HFC was fully paid off, that the mortgage formerly securing the Loan was discharged, and that there were no grounds for the Land Court lawsuit or for publication of the Notice.

44. Defendants failed to cancel their order for publication of the Notice in the Daily Hampshire Gazette.

45. On January 20, 2004, and with Defendants' knowledge or reckless disregard for whether it was false or not, the Notice was published to the public and the Plaintiffs in the Daily Hampshire Gazette.

46. The publication of the Notice in the Daily Hampshire Gazette was an unprivileged, unreasonable and unnecessary publication to persons in Plaintiffs' community.

47. As a result of the publication of the false and defamatory statements, Plaintiffs have suffered damage to their reputations, personal humiliation, and mental anguish and suffering.

**WHEREFORE,** Plaintiffs pray for judgment as set forth herein below.

7

## COUNT II
## INVASION OF PRIVACY

48.    Plaintiffs re-allege and incorporate by reference the allegations set forth in Paragraphs 1 through 47 of this Complaint inclusive.

49.    The publication of the Notice in The Daily Hampshire Gazette was an invasion of Plaintiffs rights to be let alone, free from unwarranted and defamatory publicity and to be protected from a wrongful intrusion into their life and physical solitude.

50.    As a result of Defendants invasion of Plaintiffs' privacy, Plaintiffs suffered humiliation and mental anguish and suffering.

**WHEREFORE,** Plaintiffs pray for judgment as set forth herein below.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51.    Plaintiffs re-allege and incorporate by reference the allegations set forth in Paragraphs 1 through 50 of this Complaint inclusive.

52.    Defendants' conduct as alleged hereinabove was extreme and outrageous intended by Defendants to cause, or with reckless disregard of the probability of causing, emotional distress to Plaintiffs.

53.    As a proximate result of Defendants' conduct, Plaintiffs have suffered severe emotional distress.

**WHEREFORE,** Plaintiffs pray for judgment as set forth herein below.

**COUNT IV**
**VIOLATION OF MASS. GEN. LAWS CHAPTER 93A §§2 and 9**

54.    Plaintiffs re-allege and incorporate by reference the allegations set forth in Paragraphs 1 through 53 of this Complaint inclusive.

55.    At all relevant times, Defendants were engaged in trade or commerce.

56.    Defendant HFC's failure to account for funds collected from Plaintiffs as required by Massachusetts Banking Regulations, 209 C.M.R. 32.07(ʹ), 32.07(3) and 32.07(8), and 209 CMR 32.10, was an unfair or deceptive act or practice unlawful by Chapter 93A and the regulations promulgated thereunder, including 940 C.M.R. 3.16, subsections 1 and 3.

57.    Defendant DAVIS' use of the October 10, 2004 letter in an attempt to collect a personal debt previously discharged in Plaintiffs' bankruptcy was an unfair or deceptive act or practice unlawful by Chapter 93A and the regulations promulgated thereunder, including 940 C.M.R. 3.16, subsections 1 and 4.

58.    Defendant DAVIS' use of the October 10, 2004 letter without the debt collection disclosures required by the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. was an unfair or deceptive act or practice unlawful by Chapter 93A and the regulations promulgated thereunder, including 940 C.M.R. 3.16, subsections 1 and 4.

59.    Defendant HFC's collection, with the assistance of Defendants SHS and DAVIS, of an excessive and unreasonable amount of funds from Plaintiffs on October 30, 2004, which was not fully accounted for, was an unfair or deceptive act or practice unlawful by Chapter 93A and the regulations promulgated thereunder, including 940 C.M.R. 3.16, subsections 1 and 3.

60. Defendant HFC's collection of an excessive and unreasonable amount of funds from Plaintiffs on November 24, 2004, which was not fully accounted for, was an unfair or deceptive act or practice unlawful by Chapter 93A and the regulations promulgated thereunder, including 940 C.M.R. 3.16, subsections 1 and 3.

61. Defendants' causing the publication of the Notice in the Daily Hampshire Gazette was an unfair or deceptive attempt to collect an alleged debt in violation of Mass. Gen. Laws c.93 §49(a) because the publication of the Notice was an unauthorized communication to. persons other than the Plaintiffs that Plaintiffs were unable or refused to pay an allegedly unpaid mortgage debt to Defendant HFC, and as such was an unfair or deceptive act or practice unlawful by Chapter 93A and the regulations promulgated thereunder, including 940 C.M.R. 3.16, subsections 1 and 3.

62. Defendants' causing the publication of the Notice in the Daily Hampshire Gazette was an unfair or deceptive attempt to collect an alleged debt in violation of Mass. Gen. Laws c.93 §49(c) because the publication of the Notice was a harassing and embarrassing communication to Plaintiffs and the public that Plaintiffs were unable or refused to pay an allegedly unpaid mortgage debt to Defendant HFC when the debt had been fully paid by Plaintiffs, and as such was an unfair or deceptive act or practice unlawful by Chapter 93A and the regulations promulgated thereunder, including 940 C.M.R. 3.16, subsections 1 and 3.

63. Defendants' causing the publication of the Notice in the Daily Hampshire Gazette containing false and defamatory statements that Plaintiffs were

unable or refused to pay an allegedly unpaid mortgage debt to Defendant HFC when Defendants knew the debt had been fully paid by Plaintiffs and the mortgage discharged was an unfair or deceptive act or practice unlawful by Chapter 93A and the regulations promulgated thereunder, including 940 C.M.R. 3.16, subsection 1.

64.    Defendants' invasion of Plaintiffs' privacy by causing the publication of the Notice in the Daily Hampshire Gazette containing false and defamatory statements that Plaintiffs were unable or refused to pay an allegedly unpaid mortgage debt to Defendant HFC when Defendants knew the debt had been fully paid by Plaintiffs and the mortgage discharged was an unfair or deceptive act or practice unlawful by Chapter 93A and the regulations promulgated thereunder, including 940 C.M.R. 3.16, subsection 1.

65.    Defendants' intentional infliction on Plaintiffs of emotional distress by causing the publication of the Notice in the Daily Hampshire Gazette containing false and defamatory statements that Plaintiffs were unable or refused to pay an allegedly unpaid mortgage debt to Defendant HFC when Defendants knew the debt had been fully paid by Plaintiffs and the mortgage discharged was an unfair or deceptive act or practice unlawful by Chapter 93A and the regulations promulgated thereunder, including 940 C.M.R. 3.16, subsection 1.

66.    Defendants' actions complained of herein were performed willfully or knowingly.

67.    As a result of Defendants unfair or deceptive acts or practices, Plaintiffs have sustained injuries, including emotional anguish and suffering.

11

68.  On May 12, 2004, Plaintiffs, through counsel, sent Defendants written demands for relief by sending Defendants demand letters as required by Chapter 93A §9.

69.  Defendant HFC has failed to respond to Plaintiffs' demand letter.

70.  Defendants SHS, DAVIS and VOLPE responded in a letter dated July 7, 2004 but refused to make a reasonable offer of relief to Plaintiffs.

71.  Defendants refusal to grant relief upon demand was in bad faith with knowledge or reason to know that the acts or practice complained of violated Chapter 93A §2.

**WHEREFORE,** Plaintiffs pray for judgment as set forth herein below.

## PRAYER FOR RELIEF

1. Judgment for Plaintiffs and against Defendants for damages in an amount according to proof at trial, multiple damages according to Mass. Gen. Laws Chapter 93A §9, interest, costs, and attorneys' fees; and

2. For such other and further relief as the Court may deem just and proper.

## REQUEST FOR TRIAL BY JURY

Plaintiffs hereby request a jury trial on all issues triable to a jury.

Plaintiffs STEPHEN GOLASH
and SUSAN GOLASH

Dated: October 5, 2004        By: _____

PATRICIA A. SZUMOWSKI
Attorney for Plaintiffs
GRAHAM & ALBANO, P.C.
100 Russell Street, P.O. Box 377
Hadley, MA  01035
(413) 586-5055
BBO No.: 653839

12

## COMMONWEALTH OF MASSACHUSETTS

HAMPSHIRE, SS.                                    SUPERIOR COURT DEPARTMENT
                                                 OF THE TRIAL COURT
                                                 C.A. NO: HSCV2004-00232

---

STEPHEN GOLASH AND                              :
SUSAN GOLASH,                                   :
        Plaintiffs,                         :
                                                :
    VS.                                         :
                                                :
HOUSEHOLD FINANCE CORPORATION II,               :
PATRICIA A. DAVIS, RICHARD J. VOLPE,            :
And SHECHTMAN HALPERIN SAVAGE, LLP              :
        Defendants.                         :

---

To:    Civil Clerk, Superior Court Department
       Hampshire County, Commonwealth of Massachusetts

      PLEASE TAKE NOTICE that the Defendants, Patricia A. Davis, Richard J.
Volpe, and Shechtman Halperin Savage, LLP., have filed in the United States District
Court for the District of Massachusetts a Notice of Removal of the above-captioned
matter. A copy of the Notice of Removal is attached hereto as Exhibit 1.

      **ACCORDINGLY, please provide the United States District Court for the
District of Massachusetts with a certified copy of all pleadings and papers filed in
this matter, as well as a certified copy of the docket sheets, forthwith.**

                        Respectfully submitted,
                        Defendants,
                        Patricia A. Davis, Richard J. Volpe, and
                        Shechtman Halperin Savage, LLP.

                        By their attorneys,

                        Joseph S. Berman  BBO No. 566006
                        210 Commercial Street, 5th Floor
                        Boston, MA 02109
                        617-723-9911

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that she caused a true and accurate copy of the within Notice of Removal (with attachments) was served via overnight delivery, postage prepaid, upon Patricia A. Szumowski, Graham & Albano, P.C., 100 Russell St., P.O. Box 377, Hadley, MA  01035 and Preston Halperin, Esq., Shechtman, Halperin, & Savage, 86 Weybosset Street, Providence, RI 2903on this the 11ᵗ day of November 2004.

_____
Joseph S. Berman