**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ——————————————— )<br>STEPHEN GOLASH and SUSAN )<br>GOLASH, )<br>     Plaintiffs, )<br> )<br>v. )<br> )<br>HOUSEHOLD FINANCE CORP. II, )<br>PATRICIA A. DAVIS, RICHARD J. )<br>VOLPE, and SHECHTMAN, HALPERIN )<br>SAVAGE, LLP, )<br>     Defendants. )<br>——————————————— ) | CIVIL ACTION No. 04-12414-GAO |

**ANSWER AND JURY DEMAND OF DEFENDANTS SHECHTMAN, HALPERIN,**
**SAVAGE, LLP, PATRICIA DAVIS, and RICHARD J. VOLPE**

The defendants Shechtman, Halperin Savage, LLP, Patricia A. Davis and Richard J.

Volpe (referred to hereinafter, collectively, as "defendants"), for their Answer to the Complaint

of plaintiffs Stephen Golash and Susan Golash (referred to hereinafter collectively as,

"plaintiffs"), state as follows:

**FIRST DEFENSE**

1.     Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 1 and therefore deny same.

2.     Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 2 and therefore deny same.

3.     Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 3 and therefore deny same.

4.     Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 4 and therefore deny same.

5.     Defendants admit the allegations in paragraph 5 that defendant Davis is a natural person.

6.     Defendants admit the allegations in paragraph 6 that defendant Volpe is a natural person.

7.     Defendants admit the allegations in paragraph 7.

8.     Defendants admit the allegations in paragraph 8.

9.     Defendants admit the allegations in paragraph 9.

10.    Defendants admit the allegations in paragraph 10.

11.    Defendants admit the allegations in paragraph 11.

12.    Defendants deny the allegations in paragraph 12.

13.    Defendants deny the allegations in paragraph 13.

14.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore deny same.

15.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore deny same.

16.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore deny same.

17.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore deny same.

18.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore deny same.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore deny same.

20. Defendants deny the allegations in paragraph 20 in that they refer to a "debt collection letter." To the extent that the paragraph purports to quote from a document, the terms of said document speak for themselves. With reference to the final sentence in paragraph 20, the allegations therein purport to state a legal conclusion, to which no response is required; to the extent a response is required, all allegations are denied.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore deny same.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore deny same.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore deny same.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore deny same.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore deny same.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore deny same.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore deny same.

3

28.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore deny same.

29.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore deny same.

30.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore deny same.

31.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore deny same.

32.    Defendants deny the allegations in paragraph 32.

33.    Defendants deny the allegations in paragraph 33.

34.    Defendants admit the allegations in paragraph 34.

35.    Defendants admit the allegations in paragraph 35.

36.    Defendants admit the allegations in paragraph 36.

37.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore deny same.

38.    Defendants deny the allegations in paragraph 38.

39.    Defendants deny the allegations in paragraph 39.

40.    Answering paragraph 40, the defendants repeat and incorporate by reference their responses to the allegations in the paragraphs set forth therein.

41.    Defendants admit the allegations in paragraph 41.

42.    Defendants deny the allegations in paragraph 42.

43.    Defendants deny the allegations in paragraph 42.

4

44.    Defendants deny the allegations in paragraph 42.

45.    Defendants deny the allegations in paragraph 42.

46.    Defendants deny the allegations in paragraph 42.

47.    Defendants deny the allegations in paragraph 42.

48.    Answering paragraph 48, the defendants repeat and incorporate by reference their responses to the allegations in the paragraphs set forth therein.

49.    Defendants deny the allegations in paragraph 49.

50.    Defendants deny the allegations in paragraph 50.

51.    Answering paragraph 50, the defendants repeat and incorporate by reference their responses to the allegations in the paragraphs set forth therein.

52.    Defendants deny the allegations in paragraph 52.

53.    Defendants deny the allegations in paragraph 53.

54.    Answering paragraph 54, the defendants repeat and incorporate by reference their responses to the allegations in the paragraphs set forth therein.

55.    Defendants admit the allegations in paragraph 55 only insofar as they pertain to defendant SHS and deny the allegations as they pertain to defendants Davis and Volpe.

56.    Defendants deny the allegations in paragraph 56.

57.    Defendants deny the allegations in paragraph 57.

58     Defendants deny the allegations in paragraph 58.

59.    Defendants deny the allegations in paragraph 59.

60.    Defendants deny the allegations in paragraph 560.

61.     Defendants deny the allegations in paragraph 61.

62.     Defendants deny the allegations in paragraph 62.

63.     Defendants deny the allegations in paragraph 63.

64.     Defendants deny the allegations in paragraph 64.

65.     Defendants deny the allegations in paragraph 65.

66.     Defendants deny the allegations in paragraph 66.

67.     Defendants deny the allegations in paragraph 67.

68.     Defendants deny the allegations in paragraph 68.

69.     Defendants deny the allegations in paragraph 69.

70.     Defendants deny the allegations in paragraph 70.

71.     Defendants deny the allegations in paragraph 71.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

The plaintiffs' claims are barred by the doctrines of waiver, estoppel, laches, or unclean hands.

## FOURTH DEFENSE

The plaintiffs have suffered no damages as a proximate result of any conduct of defendants.

## FIFTH DEFENSE

The plaintiffs have failed to mitigate their damages, if any.

### SIXTH DEFENSE

The plaintiffs' damages, if any, were caused by persons other than the defendants for whose conduct the defendants are not legally responsible.

### SEVENTH DEFENSE

The plaintiffs' damages, if any, were caused by their own conduct, including, but not limited to, their own negligence, comparative negligence, recklessness or intentional conduct.

### EIGHTH DEFENSE

The complaint is barred by the statutes of limitation.

### NINTH DEFENSE

The plaintiffs have failed to satisfy a condition precedent for bringing an action pursuant to Mass. G.L. c. 93A.

### TENTH DEFENSE

Any alleged statements concerning the plaintiffs were absolutely and/or conditionally privileged.

### ELEVENTH DEFENSE

Any alleged statements concerning the plaintiffs related to a matter of public interest, and the plaintiffs cannot recover in the absence of a showing of malice on the part of the defendants.

WHEREFORE, the defendants respectfully pray for the following relief:

a)     That the Court dismiss the Complaint with prejudice;

b)     That the Court award the defendants their costs of suit, including reasonable attorneys' fees; and

c)    That the Court award such other and further relief as it deems just and proper.

## JURY DEMAND

Defendants respectfully demand a jury as to all claims so triable.

Respectfully submitted,
Patricia A. Davis
Richard J. Volpe
Shechtman, Halperin Savage, LLP
By their attorneys,

Joseph S. Berman, Esq.
BBO No. 566006
Berman & Dowell
210 Commercial St.
Boston, MA 02109
(617) 723-9911

## CERTIFICATE OF SERVICE

I, Joseph S. Berman, hereby certify that on this 30th day of November, 2004, I served a copy of the foregoing by first class mail, postage prepaid, to: Patricia Szumowski, Esq., Graham & Albano, P.C., 100 Russell Street, Hadley, MA 01035.

Joseph S. Berman

8