UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STEPHEN GOLASH AND<br>SUSAN GOLASH,<br>Plaintiffs, | : <br> : <br> : <br> : | |
| VS. | : | C.A. NO: 1:04-CV-12414-GAO |
| HOUSEHOLD FINANCE CORPORATION II,<br>PATRICIA A. DAVIS, RICHARD J. VOLPE,<br>and SHECHTMAN HALPERIN SAVAGE, LLP<br>Defendants. | : <br> : <br> : <br> : <br> : | |

Defendant, Household Finance Corporation II ("Household"), hereby responds to the

Plaintiffs' Complaint as follows:

### First Defense

1.    Upon information and belief, admitted.

2.    Upon information and belief, admitted.

3.    Admitted.

4.    Admitted.

5.    Household is without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 5 of the Plaintiffs' Complaint.

6.    Household is without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 6 of the Plaintiffs' Complaint.

7.    Household is without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 7 of the Plaintiffs' Complaint.

8.    Household is without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 8 of the Plaintiffs' Complaint.

9.      Household is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Plaintiffs' Complaint.

10.     Household is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Plaintiffs' Complaint.

11.     Household is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Plaintiffs' Complaint.

12.     Answering paragraph 12 of the Plaintiffs' Complaint, Household states that it retained the Law Firm of Shechtman Halperin Savage, LLP as its attorneys, but denies the remaining allegations contained in paragraph 12 of the Plaintiffs' Complaint.

13.     Answering paragraph 13 of the Plaintiffs' Complaint, Household states that it engaged SHS to foreclose a mortgage on Plaintiffs' real estate. Household denies the remaining allegations set forth in paragraph 13.

14.     Upon information and belief, admitted.

15.     Household admits the allegations contained in paragraph 15 of the Plaintiffs' Complaint, however it is without sufficient knowledge or information as to whether a different account number appeared on 3 different monthly statements.

16.     Upon information and belief, admitted.

17.     Household admits that Plaintiffs' purchased credit life insurance in the amount of $1,571.09 and credit disability insurance in the amount of $863.18, and that these amounts were included in the loan amount of $39,415.12. Household denies the remaining allegations contained in paragraph 17 of the Plaintiffs' Complaint.

18.     Admitted.

19. Paragraph 19 of the Plaintiffs' Complaint references documents which speaks for themself, and therefore no response is required.

20. To the extent that paragraph 20 of the Plaintiffs' Complaint references a document which speaks for itself, no response is required. Household denies the remaining allegations contained in paragraph 20.

21. Household is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Plaintiffs' Complaint.

22. Household admits a conversation took place on or about October 23, 2003 and that Plaintiffs were provided information necessary to reinstate the mortgage. Household denies the remaining allegations contained in paragraph 22.

23. Upon information and belief, admitted.

24. To the extent that paragraph 24 of the Plaintiffs' Complaint references a document which speaks for itself, no response is required. Household denies the remaining allegations contained in paragraph 24.

25. To the extent that paragraph 25 of the Plaintiffs' Complaint references a document which speaks for itself, no response is required. Household denies the remaining allegations contained in paragraph 25.

26. To the extent that paragraph 26 of the Plaintiffs' Complaint references a document which speaks for itself, no response is required. Household denies the remaining allegations contained in paragraph 26.

27. Household admits that the loan amount was paid in the amount of $44,929.55, but deny the remaining allegations contained in paragraph 27 of the Plaintiffs' Complaint.

28.  To the extent that paragraph 28 of the Plaintiffs' Complaint references a document which speaks for itself, no response is required.

29.  To the extent that paragraph 29 of the Plaintiffs' Complaint references a document which speaks for itself, no response is required. Household is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 29 of the Plaintiffs' Complaint.

30.  To the extent that paragraph 30 of the Plaintiffs' Complaint references a document which speaks for itself, no response is required.

31.  Denied.

32.  Household is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Plaintiffs' Complaint.

33.  Household is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Plaintiffs' Complaint.

34.  Household is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Plaintiffs' Complaint.

35.  To the extent that paragraph 35 of the Plaintiffs' Complaint references a document which speaks for itself, no response is required.

36.  Household is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Plaintiffs' Complaint.

37.  Answering paragraph 37 of the Plaintiffs' Complaint, Household admits that it knew the loan had been paid, but deny that it was aware of the Land Court action on January 12, 2004.

38.    Household is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Plaintiffs' Complaint.

39.    Household admits that it became aware that the Notice as published in the Daily Hampshire Gazette on January 20, 2004, but deny the remaining allegations contained in paragraph 39 of the Plaintiffs' Complaint.

## COUNT I--DEFAMATION

40.    Household repeats and incorporates its responses to all above paragraphs as if specifically set forth herein.

41.    Household is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Plaintiffs' Complaint.

42.    Denied.

43.    Household does not make a response to the allegations contained within paragraph 43 of the Plaintiffs' Complaint with regard to the conduct of SHS, Volpe, and Davis. However, Household admits that it knew the loan had been paid, but deny the remaining allegations contained in this paragraph.

44.    Denied.

45.    Household admits that it became aware that the Notice ran in the Daily Hampshire Gazette on January 20, 2004, but deny the remaining allegations contained in paragraph 45 of the Plaintiffs' Complaint.

46.    Paragraph 46 of the Plaintiffs' Complaint sets forth a legal conclusion to which no response is required.

47.    Denied.

## COUNT II—INVASION OF PRIVACY

48.   Household repeats and incorporates its responses to all above paragraphs as if specifically set forth herein.

49.   Paragraph 49 of the Plaintiffs' Complaint sets forth a legal conclusion to which no response is required.

50.   Denied.

## COUNT III—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51.   Household repeats and incorporates its responses to all above paragraphs as if specifically set forth herein.

52.   Denied.

53.   Denied.

## COUNT IV—VIOLATION OF MASS.GEN.LAWS CHAPTER 93A §§2 AND 9

54.   Household repeats and incorporates its responses to all above paragraphs as if specifically set forth herein.

55.   Household does not make a response to the allegations contained within paragraph 55 of the Plaintiffs' Complaint with regard to the conduct of SHS, Volpe, or Davis. However, Household admits that it was engaged in trade and commerce.

56.   Denied.

57.   Denied.

58.   Denied.

59.   Denied.

60.   Denied.

61.   Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Household is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Plaintiffs' Complaint.

69.    Household is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Plaintiffs' Complaint.

70.    Household is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Plaintiffs' Complaint.

71.    Denied.

## AFFIRMATIVE DEFENSES

### Second Defense

Plaintiffs' Complaint, in whole or in part, fails to state a claim on which relief can be granted.

### Third Defense

Plaintiffs' claims for damages and/or violations under M.G.L. c. 93A, § 9 are barred by Plaintiffs' failure to submit a proper and timely written demand for relief in accordance with M.G.L. 93A, § 9 (3).

### Fourth Defense

Punitive damages and attorney's fees are not available on the facts as alleged.

### Fifth Defense

Plaintiffs' claims are barred, in whole or part, by the applicable statute of limitations.

### Sixth Defense

The Plaintiffs have suffered no damages as a proximate result of any conduct of Household.

### Seventh Defense

The Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

### Eighth Defense

The Plaintiffs' damage, if any, was caused by persons other than Household for whom Household was not, and is not, responsible.

### Ninth Defense

Plaintiffs' claims are barred, in whole or in part, by their own negligence.

### Tenth Defense

The Plaintiffs are not entitled to multiple damages, costs, and/or attorney's fees in this action.

### Eleventh Defense

Plaintiffs' claims are barred by the doctrine of laches.

### Twelfth Defense

Plaintiffs' claims are barred by the doctrine of unclean hands.

### Thirteenth Defense

Plaintiffs failed to mitigate and lessen damages, if any it sustained, as required by law, and are therefore barred from recovery by reason thereof against Household.

### Fourteenth Defense

Household alleges that the Plaintiffs' claims were proximately caused, in whole or in part, by the acts or omissions of a third party or parties. Accordingly, the liability of Household, if any, and responsible parties, named or unnamed, should be apportioned according to their respective degrees of fault or other legal responsibility, and the liability, if any, of Household should be reduced accordingly.

### Fifteenth Defense

Household alleges that if there presently exists or ever existed, any or all of the alleged rights, claims or obligations which Plaintiffs seek by way of their Complaint, said claims or obligations are unenforceable by reason of mutual mistake.

### Sixteenth Defense

The Plaintiffs' damages, if any, were caused by their own conduct, including, but not limited to, their own negligence, comparative negligence, recklessness or intentional conduct.

### Seventeenth Defense

Any alleged statements concerning the Plaintiffs were absolutely and/or conditionally privileged.

### Eighteenth Defense

Any alleged statements concerning the Plaintiffs related to a matter of public interest, and the Plaintiffs cannot recover in the absence of a showing of malice on the part of Household.

### Ninteenth Defense

Household reserve the right to assert additional affirmative defenses as the grounds for them become known.

WHEREFORE, Defendant, Household Finance Corporation II demands that the

Complaint be dismissed with prejudice, at Plaintiffs' costs, that Household be awarded

reasonable attorneys fees required to defend this action, and that the Court award such other and

further relief as deemed fair and proper.


                                    Respectfully submitted,
                                    Defendant,
                                    HOUSEHOLD FINANCE CORPORATION II

                                    By its attorneys,


                                    John A. Markey, Jr., Esquire
                                    Moses Smith & Markey
                                    50 Homes Wharf
                                    New Bedford MA 02740
                                    (508) 993-9711

DATED:  November 30, 2004

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that he caused a true and accurate copy of the within Answer to be served on this 30th day of November 2004, via facsimile and regular mail, postage prepaid, upon the following counsel of record:

Patricia A. Szumowski, Esquire
Graham & Albano, P.C.
100 Russell Street
P.O. Box 377
Hadley, MA 01035-0377

Joseph Berman, Esquire
Berman & Dowell
210 Commercial St.
Boston, MA 02109


                                    John A. Markey, Esquire