UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12414-MAP

---

|  |  |  |
|---|---|---|
| STEPHEN GOLASH and SUSAN GOLASH, <br> Plaintiffs, <br><br> v. <br><br> HOUSEHOLD FINANCE CORPORATION II, <br> PATRICIA A. DAVIS, RICHARD J. VOLPE, <br> and SHECHTMAN HALPERIN SAVAGE, LLP, <br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM IN SUPPORT OF MOTION TO REMAND CASE TO STATE COURT** |

---

Plaintiffs Stephen Golash and Susan Golash hereby submit this memorandum of points and authorities in support of their Motion To Remand Case To State Court ("Motion").   Plaintiffs seek remand to Hampshire County Superior Court on the grounds that the Court lacks subject matter jurisdiction and the removing Defendants have not satisfied all procedural requirements for removal.

**I.      NOTICE OF REMOVAL**

On November 12, 2004, Defendants Patricia A. Davis ("Davis"), Richard J. Volpe ("Volpe") and Shechtman Halperin & Savage, LLP ("SHS") (collectively the "Attorney Defendants") filed a Notice of Removal with this Court ("Notice").   In the Notice, the Attorney Defendants allege that:

> This action is one over which this Court has original jurisdiction under 28 U.S.C. §1441 and §1331 because it is an action arising under the laws of the United States.  This action may be removed to this Court pursuant to these provisions because the Plaintiffs' allege Defendants' actions violated the Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq., thereby raising a question of federal law.

Defendant Household Finance Corporation II ("HFC") has not joined in the removal to this Court.

## II.    PLAINTIFFS' COMPLAINT

This action arises under the laws of Massachusetts and Plaintiffs seek relief only under Massachusetts law.   In their Complaint, Plaintiffs allege the following:

Plaintiffs borrowed money from HFC and secured the obligation with a mortgage against their family home in Hatfield.  Complaint ¶15.   The Attorney Defendants represent HFC in the collection of consumer debt and foreclosure actions.   Complaint ¶¶7-13, 20, 34, 36 and 39.

In October 2003, Plaintiffs were in default on their HFC loan and received collection letters from Defendants Davis and SHS.  Complaint ¶20.  Plaintiffs cured the default, paying unexplained and excessive amounts demanded by HFC upon tender of their payment.  Complaint ¶¶21-23.

On November 24, 2003, Plaintiffs refinanced the Household debt with another lender.  Complaint ¶¶ 26, 27.   In doing so, Plaintiffs paid off their loan to HFC, in full, and again paid unexplained and excessive amounts demanded by HFC.  Complaint ¶¶26-31.

On December 3, 2003, HFC discharged Plaintiff's mortgage.  Complaint ¶29.

Although the debt to HFC was paid in full and the mortgage discharged, on December 4, 2003, Defendants Volpe and SHS filed an action in the Massachusetts Land Court seeking to foreclose on the HFC mortgage.  Complaint ¶34.

On January 20, 2004, nearly two months after paying off their HFC loan, Defendants knowingly published in Plaintiffs' local community newspaper, the *Daily Hampshire Gazette,* a defamatory notice of the Land Court action for foreclosure,

inferring therein that Plaintiffs were unable or refused to pay a mortgage debt to HFC. Complaint ¶¶35-39.

On October 5, 2004, Plaintiffs filed this action against the Attorney Defendants and HFC in Massachusetts' Superior Court in Hampshire County, Civ. Action No. 04-232.   Count I of Plaintiffs' Complaint alleges defamation for the publication of statements inferring Plaintiffs' inability or refusal to pay a mortgage debt allegedly owed to HFC.   Count II alleges invasion of Plaintiffs' state privacy interests and Count III alleges intentional infliction of emotional distress.

In Count IV of the Complaint, Plaintiffs allege numerous violations of the Massachusetts Consumer Protection Act, Mass. Gen. Laws Chapter 93A, and the rules and regulations promulgated thereunder.   Among the ten specifically alleged unfair business acts or practices to support Plaintiffs' Chapter 93A claim are Defendants' violations of Massachusetts banking regulations, attempting to collect a discharged debt, use of a letter that does not comport with the requirements of the Fair Debt Collection Practices Act ("FDCPA"), collection of excessive and unreasonable sums of money from Plaintiffs which were not accounted for, violation of Mass. Gen. Laws Chapter 93 §49(a) and (c), defamation, invasion of privacy, and infliction of emotional distress.  Complaint ¶56-66.[1]

The use of a collection letter without the disclosures required by the FDCPA is but one of several acts or practices by Defendants which Plaintiffs allege violate the Massachusetts' Consumer Protection Act.  Id.

---

[1] In Paragraph 58 of the Complaint, Plaintiffs allege that "Defendant Davis' use of the October 10, 2004 (sic) letter without the debt collection disclosures required by the [FDCPA] was an unfair or deceptive act or practice unlawful by Chapter 93A and the regulations promulgated thereunder, including 940 C.M.R. 3.16, subsections 1 and 4."

The Complaint does not include a cause of action under the FDCPA and Plaintiffs do not seek a FDCPA remedy.   Instead, Plaintiffs seek damages under state law, including multiple damages and attorneys' fees for willful or knowing unfair business acts or practices under Mass. Gen. Laws Chapter 93A §9.  Complaint ¶66-71 and the Prayer For Relief ¶1 therein.

**III.    STANDARDS OF LAW ON A MOTION FOR REMAND**

A plaintiff is the master of the complaint and may decide what law she will rely on, including state law alone.  Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410 (1913); Catepilar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425 (1987).

Pursuant to 28 U.S.C. §1441(b), a defendant may remove a civil action from a state court in which it was filed to an appropriate federal district court provided there is federal jurisdiction.   The removal statutes are construed strictly.  Danca v. Private Health Care Systems, Inc. , 185 F.3d 1, 4 (1st Cir. 1999) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868 (1941)).   Any doubts about removing an action should be resolved against removal and in favor of remand.  Therrien v. Hamilton, 881 F.Supp. 76, 78 (D.Mass. 1995).

Upon a motion to remand, the removing party has the burden of demonstrating the existence of federal question jurisdiction.  Danca, 185 F.3d at 4.[2]

Where state law creates a plaintiff's causes of action, the case might still "arise under" the laws of the United States if "a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law

---

[2] A removing party must also comply with the procedural requirements of 28 U.S.C. §1446.   These include the requirement that all defendants join in or assent to the removal petition within thirty days of the filing of the notice of removal with the district court.  Montana v. Abbot Laboratories, 266 F.Supp.2d 250, 260 (D.Mass. 2003).  Failure to satisfy this rule of unanimity is grounds for remand.  Id. (quoting Murphy v. Newell Operating Co., 245 F.Supp.2d 316, 318 (D.Mass. 2003).

in dispute between the parties." <u>Franchise Tax Bd. v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848 (1983).

However, it is long established that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction. <u>Merrell Dow Pharmaceuticals, Inc. v. Thompson</u>, 478 U.S. 804, 813, 106 S. Ct. 3229, 3234 (1986). Instead, the plaintiff's right to relief must "*necessarily* depend on resolution of a substantial question of federal law" for creation of federal question jurisdiction. <u>Franchise Tax Bd.</u>, 463 U.S. at 27-28 (emphasis added).

As the Supreme Court has instructed, the jurisdictional inquiry in a case involving the presence of a federal issue in a nonfederal cause of action, requires prudence and restraint (<u>Merrell Dow</u>, 478 U.S. at 819), with "an eye to practicality and necessity." <u>Franchise Tax Bd.</u>, 463 U.S. at 20.

## IV.    ADJUDICATION OF THE C. 93A CLAIM DOES NOT NECESSARILY DEPEND ON RESOLUTION OF A SUBSTANTIAL QUESTION OF FEDERAL LAW

The Attorney Defendants cannot meet their burden of showing federal question jurisdiction. Plaintiffs' Complaint alleges strictly state law claims, including one claim under the Massachusetts Consumer Protection Act (Chapter 93A). Plaintiffs' c.93A count refers to many acts by Defendants, including that its collection letters failed to comply with the FDCPA, which are violations of Chapter 93A. As set forth above, the mere inclusion of a federal issue in a state cause of action does not make it a federal one. <u>Merrell Dow</u>, 478 U.S. at 813. Here, the reference to the FDCPA is in regard to one example stated in the Complaint of several unfair business acts or practices by the Defendants which violate Chapter 93A. Resolution of this case does not necessarily depend on a substantial federal law question.

5

In Dean v. Compass Receivables Management, 148 F.Supp.2d 116 (D.Mass. 2001), the Court remanded a removed action involving a complaint alleging unfair debt collection practices.   The consumers in that case brought a state court action against a debt collector alleging violations of Chapter 93A only.   Defendants argued that a claim under the FDCPA was incorporated into the complaint and that the claims are in essence FDCPA claims.   The Court rejected the argument that removal was proper finding that the FDCPA does not preempt Chapter 93A to the extent it prohibits unfair debt collection practices and that resolution of the case did not necessarily turn on a substantial issue arising under the FDCPA.   The Court noted at length the prohibitions of Chapter 93A and the Attorney General's regulations and other Massachusetts authorities implicating Chapter 93A.   The Court found that "although the FDCPA may inform analysis of Chapter 93A claims, it is not an essential component of such claims." Id. at 119.

In Commonwealth v. V & M Management, Inc., 752 F. Supp. 519 (1990), the Massachusetts Attorney General sued a low-income housing operator.  In one count of the complaint, plaintiff alleged violations of Chapter 93A and referred to five distinct violations of federal housing regulations.  The complaint also included separate counts for violations of various federal laws.  752 F.Supp. at 520, 521, n.1.   Judge Harrington found that the Chapter 93A count was a state law claim despite the references to federal law.  752 F.Supp. at 521.   The Court noted that the alleged "violations [of federal law] can only be interpreted as *indicia* of the defendants' numerous unfair and deceptive housing practices."  Id.   The federal regulations were only an element of the state unfair business practices claim and did not create a "substantial question of

federal law." Id.   If the Chapter 93A claim had been the only count in the complaint, the Court would have remanded the case to state court.  Id.

Here, Plaintiffs' Complaint refers to the FDCPA along side nine other instances of unfair business acts or practices in the state law count for relief for violations of Chapter 93A.  Plaintiffs' reference to the FDCPA in the c.93A count does not create a substantial question of federal law.  Dean, supra; V & M Management, supra.   As such, there is no federal jurisdiction and the case should be remanded to state court.

### V.    REMAND IS APPROPRIATE SINCE HFC HAS NOT JOINED THE REMOVAL

Remand should also be granted as the Attorney Defendants' removal petition has not been joined in by Defendant HFC.   The rule of unanimity requires that all defendants join in the removal within thirty days of the removing defendant's filing of a notice of removal.   Montana v. Abbot Laboratories, supra, 266 F.Supp.2d at 260.

HFC has not timely filed a notice of removal, joinder or consent to the removal notice filed by the Attorney Defendants.   As such, this case should be remanded.

### VI.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court allow their motion to remand to the Hampshire County Superior Court and award Plaintiffs their costs, including attorney's fees, incurred as a result of the removal.

Plaintiffs Steven Golash and Susan Golash


Dated: December 13, 2004                    By: /s/ Patricia A. Szumowski____
                                            PATRICIA A. SZUMOWSKI
                                            Attorney for Plaintiffs
                                            GRAHAM & ALBANO, P.C.
                                            100 Russell Street, P.O. Box 377
                                            Hadley, MA  01035
                                            (413) 586-5055
                                            BBO No.: 653839
                                            pszumowski@krypto.net

7