IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHEN GOLASH and SUSAN GOLASH,<br>    Plaintiffs,<br><br>v.<br><br>HOUSEHOLD FINANCE CORP. II, PATRICIA A. DAVIS, RICHARD J. VOLPE, and SHECHTMAN, HALPERIN SAVAGE, LLP,<br>    Defendants. | CIVIL ACTION No. 04-12414-MAP |

**MEMORANDUM IN OPPOSITION BY DEFENDANTS PATRICIA A. DAVIS, RICHARD J. VOLPE AND SHECHTMAN, HALPERIN & SAVAGE, LLP, TO PLAINTIFFS' MOTION TO REMAND**

The defendants, Patricia A. Davis, Richard J. Volpe, and Shechtman, Halperin & Savage, LLP (hereinafter, "defendants" or "SHS"), oppose the plaintiffs' Motion to Remand to State Court because, under the well-pleaded complaint rule, the plaintiffs' complaint clearly sets forth a cause of action arising under federal law. As further grounds for this Opposition, the defendants state as follows:

**I.      Factual Background**

The following facts, which are undisputed for purposes of this motion, are taken from the Complaint.

SHS is a law firm with offices in Providence and Boston. At all times material to this case, it represented the co-defendant, Household Finance Corp. II (hereinafter, "Household"), in a foreclosure action involving a home owned by the plaintiffs. During the pendency of the

foreclosure, the plaintiffs refinanced their Household debt with another lender, apparently paying off in full the Household loan. (Complaint, paras. 26-27). Accordingly, Household discharged the plaintiffs' mortgage. (Complaint, para. 29). Thereafter, the Daily Hampshire Gazette published a notice of the foreclosure action, even though the mortgage had been discharged. The foreclosure action was stopped before the actual foreclosure.

The plaintiffs filed this action against SHS and Household, alleging that the publication of the notice in the newspaper was defamatory, caused them emotional distress, and violated Mass. G.L. c. 93A. They allege that SHS acted as a "debt collector" as attorney for Household. They allege, *inter alia*, that a letter sent to them on or about October 10, 2004 violated the federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), because the correspondence omitted disclosures required by the federal statute.[1]

On November 12, 2004, SHS removed this action from the Hampshire Superior Court to this Court.

---

[1] In paragraph 20, the plaintiffs allege that, on October 10, 2003, SHS mailed "debt collection" letters to the plaintiffs concerning their mortgage. The plaintiffs further allege that the letter, "[d]id not include the debt collection disclosures required by federal law." In paragraph 58, the plaintiffs allege that, "Defendant DAVIS' [sic] use of the October 10, 2004 [sic] letter without the debt collection disclosures required by the Fair Debt Collection Practices Act, 15, U.S.C. § 1692 et seq. was an unfair or deceptive act or practice unlawful by Chapter 93A and the regulations promulgated thereunder, including 940 C.M.R. subsections 1 and 4." The defendants deny that the October 10, 2003 letter was a "debt collection letter" or that it violated any federal or state law concerning debt collection. Although the basis of the defendants' removal petition was the alleged violation of the FDCPA, the defendants deny that the statute applies to this case and they reserve their right to challenge the applicability of the FDCPA to this case.

**II.     Argument**

Federal district courts have original jurisdiction over cases presenting "federal questions," that is, cases arising under the Constitution, laws or treaties of the United States. BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America, 132 F.3d 824, 831 (1st Cir. 1997). Section 1441(b) of Title 28, United States Code, allows removal of any action over which the district courts have original jurisdiction founded on a federal question. 28 U.S.C. § 1441(b); 28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). A case "arises under" the Constitution, treaties or laws of the United States for purposes of Section 1441(b) removal, "[i]f its adjudication depends on the application of any of these sources of federal law." 14A Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3722 at 231-232 (1985); see Pueblo International, Inc. V. DeCardona, 725 F.2d 823 (1st Cir. 1984) (claim under federal constitution and federal and state antitrust and civil rights statutes).[2]

The resolution of federal question jurisdiction depends on whether there exists a "colorable federal claim." Id., at p. 832 (*citing* Aldinger v. Howard, 427 U.S. 1, 7 (1976)). For example, where a state-law contract claim rests on a federal regulatory requirement, federal question jurisdiction exists. Penobscot Nation v. Georgia-Pacific Corp., 254 F.3d 317, 321 (1st

---

[2] Justice Marshall, in Osborn v. Bank of the United States, 9 Wheat (22. U.S.) 738, 822 6 L.Ed. 204 (1824), established the test: "If it be a sufficient foundation for jurisdiction, that the title or right set up by the party may be defeated by one construction of the constitution or law of the United States, and sustained by the opposite construction, provided the facts necessary to support the action, be made out, then all the other questions must be decided as incidental to this, which gives the jurisdiction."

Cir. 2001) (*citing* Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 201-202 (1921)). This is so because the state-law claim presents, "an important federal issue." Penobscot Nation, *supra*., at 321 (*citing* Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 259-260 (1916)). Thus, federal jurisdiction exists where the federal issue is a "cental element in the state claim." Id., at 321 (*citing* Almond v. Capital Props., Inc., 212 F.3d 20, 23-24, fn. 2-3 (1st Cir. 2000)). If federal law provides the right for which a remedy exits under state law, the case presents a federal question. Franchise Tax Bd. v. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983) (dicta). Likewise, if the vindication of a state-law right necessarily runs on some construction of federal law, the case presents a federal question. Id.

It is well-established that pendent state law claims accompany the federal claims upon removal.

Ordinarily, federal question jurisdiction is established by examining the "well-pleaded complaint." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 10 (1983). However, plaintiffs cannot use "artful pleading" to close off a defendant's right to a federal forum. Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 397 (1981). Thus, courts may look beneath the surface of a complaint to,

> [d]ivine the underlying nature of the claim, to determine whether the plaintiff has sought to defeat removal by asserting a federal claim under state-law colors. ... If the claim appears to be federal in nature – that is, if it meets the applicable test for one that arises under federal law – then the court must recharacterize the complaint to reflect that reality and affirm the removal despite the plaintiff's professed intent to pursue only state law claims.

BIW Deceived, *supra*., 132 F.3d at 831.

Applied to this case, the "artful pleading" rule clearly permits removal. The plaintiffs

allege a violation of a federal statute, the FDCPA. Specifically, in paragraphs 20 and 58, the plaintiffs allege that the October 10, 2003 letter sent to them by SHS failed to contain certain disclosures required by federal debt collection law. SHS denies that the letter was governed by the FDCPA or that, if it was, it violated the statute. Thus, the allegations squarely present a question of pure federal law. Resolution of the dispute will require adjudication of the federal statute. There could be no more direct implication of federal law. The plaintiffs will not be able to prove a violation of chapter 93A as alleged in paragraph 58 of the complaint unless they prove a violation of the FDCPA. See, e.g., Smith v. Kansas City Title & Trust Co., 255 U.S. at 201-202 (*citing* Osborn v. Bank of United States).

The plaintiffs have tried to bury their federal allegations inside Count IV, their claim that SHS violated Mass. G.L. c. 93A. While that cause of action obviously states a state-law claim, a critical part of the c. 93A claim is the allegation that SHS violated the FDCPA. But for the FDCPA allegations, a critical part of the c. 93A claim would disappear. The basis of the c. 93A claim is the violation of a federal statute. As in Smith, the cases raises an issue of the applicability or construction of federal regulatory law. The plaintiffs cannot hide the federal claim by cloaking it in the guise of an alleged chapter 93A violation.

Dean v. Compass Receivables Management Corp., 148 F.Supp.2d 116 (D. Mass. 2001), cited by the plaintiffs, is not to the contrary. There, the district court allowed the plaintiffs' motion to remand a case that raised issues under the FDCPA. Opposing remand, the defendants relied on the "total preemption rule," under which, if the federal government has completely preempted an area of regulation, an "artfully pleaded" complaint cannot preclude federal jurisdiction. Finding that the claims under the FDCPA were not the exclusive province of the

5

federal courts, the court remanded the case. Here, by contrast, the defendants are not relying on the "total preemption rule." And, unlike Dean, the complaint in this case raises a specific allegation that is regulated by federal law, i.e., whether the October 10, 2004 letter complied with the FDCPA. Thus, regardless of the applicability of the "total preemption rule," the federal issue is a central element of the case. That it may be included among other state-law claims does not detract from the federal nature of the question.

Plaintiffs also argue that the Court should remand because the other defendant, Household, has not "consented" to removal. This argument is misplaced. Only SHS, not Household, has been sued on a federal claim.[3] Household would have no right to remove. Only where all defendants would have a right to remove is the consent of all defendants required. See Montana v. Abbott Laboratories, 266 F.Supp.2d 250, 261 (D. Mass. 2003); Shepard v. Egan, 767 F.Supp. 1158, 1161 (D. Mass. 1990) ("those defendants who could not have removed the case themselves if they had been the sole defendants in the action, need not join the removal petition"); Hill v. City of Boston, 706 F.Supp. 966, 968 (D. Mass. 1989).

---

[3]Paragraph 58 refers to defendant Patricia Davis, a lawyer at SHS and avers that, "Defendant DAVIS' [sic] use of the October 10, 2004 [sic] letter without the debt collection disclosures required by the Fair Debt Collection Practices Act, 15, U.S.C. § 1692 et seq. was an unfair or deceptive act or practice unlawful by Chapter 93A and the regulations promulgated thereunder, including 940 C.M.R. subsections 1 and 4."

### III. Conclusion

For all of the foregoing reasons, the defendants Patricia A. Davis, Richard J. Volpe, and Shechtman, Halperin & Savage, LLP, respectfully request that the Court deny the plaintiffs' Motion to Remand.

                        Respectfully submitted,
                        Patricia A. Davis, Richard J. Volpe, and
                        Shechtman Halperin Savage, LLP.
                        By their attorneys,

                        ___/s/ Joseph S. Berman_____
                        Joseph S. Berman   BBO No. 566006
                        Berman & Dowell
                        210 Commercial Street, 5th Floor
                        Boston, MA 02109
                        617-723-9911

### CERTIFICATE OF SERVICE

I, Joseph S. Berman, hereby certify that on this 31st day of December, 2004, I filed the foregoing at the United States District Court for the District of Massachusetts by electronic means and that the Court will notify all counsel of record of the filing.

                    __/s/ Joseph S. Berman_____
                    Joseph S. Berman